## SEYMOUR v. SHEA ET AL.

1. **Practice in Supreme Court on Trial de novo:** WHAT QUESTIONS TRIED. Where a case is triable *de novo* in this court, all questions may be presented which legitimately arise upon the record, whether urged in the court below or not.

2. **Pleading and Practice:** ACTION TO SET ASIDE CONVEYANCE: CONSIDERATION: PAYMENT OF AND OFFER TO RETURN. When an action is brought to set aside a conveyance of real property, the petition is open to demurrer, unless it contains an offer to repay any consideration alleged to have been received by the plaintiff. If the petition is silent

as to the receipt of consideration, it is vulnerable to a motion for a more specific statement, or the defendant may, as a defense, in his answer set up the payment on his part, and the failure of plaintiff to plead an offer to repay the same; but if he fails in one of these methods to raise the defense that plaintiff has not offered to repay the consideration re. ceived, he will be deemed to have waived the same, and he cannot afterwards urge it upon the trial. Code, § 2650.

3. **Taxes:** RECOVERY OF BY GRANTEE OF PAYOR. Where S., who had obtained by fraud the title to land, paid certain taxes thereon, and afterward conveyed it to H., in an action in equity against S. and H. by S.'s grantor to set aside the conveyance, *held* that upon a decree for plaintiff, after S. had ceased to be a party to the suit, H. was not entitled to judgment against plaintiff for the taxes paid by S.

4. **Fraud in Procuring Conveyance:** FACTS CONSTITUTING: CONVEYANCE SET ASIDE. Where an agent, by collusion with a third person, in the name of such person writes to his principal, falsely representing that there is a defect in his title to land, and the principal advises with the agent about it, and, acting on his advice, conveys the land for less than its value to such third person, and he conveys it to the agent, and the agent to another, the title may be set aside for fraud, and all the conveyances canceled, subject to such equitable rights as may appear in the agent's grantee.

*Appeal from Palo Alto District Court.*

THURSDAY, JUNE 14, 1883.

ACTION IN EQUITY. It is stated in the petition that plaintiff, in 1876, was the owner of certain described lands. That his title was derived from Palo Alto county under the swamp land grant, and that his title was perfect, except that the lands had not been patented by the state of Iowa to said county. That at said time the defendant, Shea, was the agent of plaintiff, and had the care and charge of said lands, and, for the purpose of cheating the plaintiff, wrote him a letter and signed the name of J. C. Bennett thereto, in which a desire to purchase said land was expressed, and representing that plaintiff's title was not good, but that he would like to control the land for the purpose of cutting grass thereon, and offered to give $20 for a quit claim deed. Upon the receipt of said letter, the plaintiff wrote Shea, and

asked his advice as to whether the plaintiff should accept the offer, and that Shea advised the plaintiff to do so, although at that time the land had been certified to the state for Palo Alto county, as Shea well knew, but of which fact the plaintiff was ignorant. That, acting on the advice given, the plaintiff conveyed the premises by quit claim deed to Bennett, but said deed was never delivered to him, and he by quit claim deed conveyed the land to Shea and his partner, Brown.

It is stated that, at the time the plaintiff conveyed the premises to Bennett, the land was worth $200. The relief asked is that Shea be decreed to hold the title as trustee for the plaintiff, and that he be decreed to convey it to the plaintiff.

The defendants denied the allegation in the petition, and claim to be the owners of the land.

It was stated in the answer that defendants purchased the land in 1877, and had paid the taxes thereon, amounting to $21.94. The defendants asked that the petition be dismissed, and that the title of the land be quieted in defendants.

Trial to the court, and a decree entered canceling all conveyances of the land, including and subsequent to the one made to Bennett, and vesting the plaintiff with the legal title; saving, however, to the defendant, Harrison, a right of action for the purchase money and for the taxes paid. The defendants appeal, and the cause is triable anew in this court.

*T. W. Harrison,* for appellants.

*Soper & Crawford,* for appellee.

SEEVERS, J.—I. At the term the cause was submitted, it was made to appear to the court that Brown had conveyed to Shea, and the latter to one Gregg, and he to T. W. Harrison, and that the latter was the only real party in interest; where-

upon, on motion, the said Harrison was duly substituted as defendant in this cause instead of said W. H. Shea.

It is insisted by both parties that certain questions are made for the first time in this court, and therefore, under the settled practice, they cannot be considered. As to some of these questions we have the simple assertion of counsel in argument that the same were not made in the court below. The record fails to disclose whether these assertions are true or not. If we accept as true all that is said by counsel, the case was badly tried in the district court. As the case is triable here *de novo*, we understand that all questions may be presented in this court which legitimately arise on the record, whether the same were urged or relied on in argument in the district court or not.

1. PRACTICE in supreme court: trial de novo: what questions tried.

We cannot rely on the assertions of counsel in this respect, but must look alone to the record, and, if a question now urged is made therein, or fairly arises because of allegations contained in the pleadings, then the conclusive presumption must be indulged that such question was before the court, although it may not have been specifically relied on in argument.

II. It will be conceded that the rule in equity is, when an action is brought to rescind a contract or set aside a conveyance of real property, that the petition is demurrable, unless there is contained therein an offer to repay the consideration received. It will also be conceded for the purpose of the case that, in the absence of a statute, the rule goes further, and that the relief will be denied in cases where no such offer is made.

2. PLEADING and practice: action to set aside conveyance: consideration: payment of and offer to return.

We have no occasion to determine in this case whether it is essential that a tender or offer must be made prior to the commencement of the action, because no such question is presented in the pleadings, and, therefore, it cannot and does not arise in the record before us.

It will be observed that it is stated in the petition that, in the Bennett letter, Shea offered to pay $20 for the land, and that Shea advised the plaintiff to accept. That plaintiff accepted the offer and executed the conveyance, but it is not stated that Shea or any one else paid the $20, or any other sum, or that plaintiff received anything for the conveyance.

The petition, therefore, was not demurrable. It was vulnerable only to a motion for a more specific statement. The petition does not contain an offer to repay the consideration, for the simple reason that it is not admitted that any was received.

It appears in evidence that Shea paid the plaintiff $25 for the conveyance made to Bennett. Now, under the circumstances above stated, it is urged by the defendant that no relief can be granted the plaintiff, because he did not offer to pay the consideration received by him.

The statute provides: "When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition, the objection may be taken by answer. If no such objection is taken, it shall be deemed waived. If the facts stated by the petition do not entitle the plaintiff to any relief whatever, advantage may be taken of it by motion in arrest of judgment before judgment is entered." Code, § 2650.

As it was not stated in the petition that a consideration had been paid for the conveyance to Bennett, this fact, if intended to be relied on as a bar to plaintiff's recovery, should have been pleaded in the answer.

As this was not done, such defense, under the statute, must be regarded as waived. This is the plain and express provision. There is no room for construction, and it is eminently just. A party in all fairness should in his pleadings state or set up the several claims or defenses he intends to rely on, and the adverse party or the court should not be called upon to meet or adjudicate questions not thus presented and relied on.

III. The defendant, Shea, pleaded as a defense that he had paid certain taxes on the land, that had accrued after the conveyance to Bennett. The evidence sustains this allegation. But there is no evidence tending to show that Harrison is the owner of the said claim, and, as Shea has ceased to be a party to the action, he is not entitled to any relief.

*3. TAXES: recovery of by grantee of payor.*

The evidence shows that Shea conveyed the land to Gregg, and the latter to Harrison, and that Shea paid the taxes. This is insufficient to authorize Harrison to recover the amount paid as taxes by Shea.

IV. In our judgment, it clearly appears that the conveyance was obtained by fraud. Shea was plaintiff's agent. He wrote a letter in Bennett's name to the plaintiff, stating that plaintiff's title was not good, and offering him $20 for a quit-claim deed. Plaintiff, who was a non-resident, advised with Shea as to whether he should accept such offer, and Shea advised him to do so. Whereupon the plaintiff agreed to take $25, which offer Shea, in the name of Bennett, accepted.

*4. FRAUD in procuring conveyance: facts constituting: conveyance set aside.*

The preponderance of the evidence quite satisfactorily shows that the land was worth at least $200 at the time it was conveyed to Bennett. We think the evidence sufficiently shows that Shea knew, at the time he made the offer to purchase, that plaintiff had at least a perfect and sufficient equitable title, which at no distant day would ripen into a perfect legal title. The fraud of Shea is too transparent, it seems to us, to require an argument to demonstrate.

AFFIRMED.