## RICE v. BATES ET AL.

1. **Tax Sale and Deed:** PROOF OF SERVICE OF NOTICE TO REDEEM: BY WHOM MADE. Proof of the service of notice to redeem from a tax sale must be made by the affidavit of the owner of the certificate of purchase, his agent or attorney, and the affidavit of the proprietor of the newspaper in which the notice was published is not sufficient. (Code, § 894; *American Missionary Ass'n v. Smith*, 59 Iowa, 704.)

2. ———: ———: WHO IS HOLDER OF CERTIFICATE AFTER EXCHANGE FOR VOID DEED, AND CONVEYANCE OF LAND TO A STRANGER. Where the holder of a certificate of purchase at tax sale had surrendered it to the treasurer in exchange for a tax deed, which was void on account of insufficient proof of service of the notice to redeem, *held* that he was still the holder of the certificate in contemplation of law, even though he had made a deed for the land to another; because (1) the surrender of the certificate in exchange for the void tax deed was nugatory; and (2) the deed made to the third party conveyed no interest in the land, for, while the land was subject to redemption, the holder of the tax-sale certificate had but a chattel interest, which was not carried by the deed. See opinion for authorities.

3. ———: SERVICE OF NOTICE TO REDEEM: DELAY IN FILING PROOF OF SERVICE: CHANGE IN ASSESSMENT OF LAND. Where there has been lawful service of notice to redeem from a tax sale, the fact that when the proof of the service is made the land is assessed to a different person from the one on whom the service was made is immaterial.

*Appeal from Adair Circuit Court.*

### FRIDAY, MARCH 19.

ACTION in equity to cancel and set aside two tax deeds, and establish plaintiff's right to redeem the land covered thereby from the tax sale under which they were executed. The ground upon which the relief is demanded is that no legal proof of the service of notice to redeem the land from said tax sale was on file in the office of the county treasurer when the tax deeds were executed. In a cross-petition filed by the defendants, they allege that the land was sold for delinquent taxes on the first day of November, 1875, and defendant Ayres was the purchaser; that in the year 1878

it was taxed to P. Barrett; that in August of that year said Ayres, who was still the owner of the certificate of purchase, caused a notice to be served on said P. Barrett by publication, notifying him of the sale of said land, and of the time when the right to redeem from such sale would expire; and an affidavit by the publisher of the newspaper in which the notice was published, showing such publication, was filed with the treasurer, who, after the expiration of ninety days from the date of the filing of said affidavit, executed to Ayres a treasurer's deed of the land; that in January, 1883, Ayres sold and conveyed the land to defendant Bates by deed of general warranty, who mortgaged it back to Ayres to secure a portion of the purchase price; and that in February, 1883, Ayres filed in the treasurer's office his own affidavit, showing the publication of said notice to said Barrett, upon which the treasurer, after the expiration of ninety days, executed a second deed of the land to Ayres. It is also alleged that in the year 1882 the land was taxed to Ayres, and in 1883 it was taxed to Bates; and they prayed that the title to the premises be quieted in defendant Bates. Plaintiff filed a demurrer to this cross-petition, which the circuit court overruled, and from this order plaintiff appeals.

*Gow & Hager*, for appellant.

*O. B. Ayres* and *D. W. Church*, for appellees.

REED, J.—It is not claimed that Ayres acquired the title under the deed executed by the treasurer in 1878. There

1. TAX sale and deed: proof of service of notice to redeem: by whom made.

was no competent evidence of the service of the notice to redeem on file in the treasurer's office when that deed was executed; hence the right to redeem the land from the sale had not expired, and the treasurer did not have authority to execute a deed. *American Missionary Ass'n v. Smith*, 59 Iowa, 704.

Appellant contends that the deed which was executed in 1883 was also given without authority, for the following rea-

sons: (1) Ayres was not the holder of the certificate when his affidavit of the publication of the notice to Barrett was filed, the same having been surrendered to the treasurer, and by him canceled, when the first deed was executed, and he had, in the mean time, sold and conveyed the land to Bates by an absolute conveyance; and (2) as the land was taxed to Bates for the year in which the deed was executed, the right to redeem the land from the sale could be terminated only by serving him with notice to redeem.

The first question for determination, then, is whether Ayres was, within the meaning of the statute, the holder of the certificate of purchase when he filed his affidavit showing the publication of the notice to redeem. The statute (Code, § 894) provides that the service of the notice and manner thereof shall be proven by the affidavit of the *holder* of the certificate of purchase, his agent or attorney. Ayres was not the holder of the certificate in the sense of having it in his possession; but we do not think that physical possession of the instrument is what is meant by the statute. By "the holder of the certificate" is meant the owner of it, or the one who, at the proper time, will be entitled to demand a deed under the sale, and he is the proper person to make the affidavit of the service, even though the certificate should be in the actual possession of another, or should have been lost or destroyed. As Ayres was not entitled to demand a deed when he surrendered the certificate to the treasurer in 1878, his rights in the premises were in no manner affected by that act. All that was done at that time was nugatory. The right of the owner of the land to redeem from the sale was not terminated, and Ayres retained his lien upon it for the taxes paid by him, and his right to a deed after the right of redemption should be terminated; and it is equally clear, we think, that the rights acquired by him under his purchase at the tax sale were not transferred to Bates by his conveyance of the land to him. If he had owned any interest in the land when that

2. ——: ——:
who is holder
of certificate
after ex-
change for
void deed,
and convey-
ance of land
to a stranger.

conveyance was given, the deed would have operated as a con-
veyance of that interest.   Code, § 1930.   But he owned no
interest in the land at that time.   The purchaser of lands at
a tax sale acquires no right or interest in the land until he
receives a deed therefor.   While the property is subject to
redemption he has but a chattel interest.   *Williams v.
Heath*, 22 Iowa, 519; *Eldridge v. Kuehl*, 27 Id., 160; *Mal-
lory v. French*, 38 Id., 431.   The deed by which Ayres
assumes to convey the land to Bates did not operate as an
assignment of this chattel interest.   He was therefore the
holder of the certificate when the proof of the service of the
notice to redeem was made.

The remaining question is whether the treasurer was
authorized to execute a deed on proof of the service on Bar-
rett of the notice to redeem, the land being taxed
to another person for the year in which that proof
was made.   The statute that requires the notice
to redeem to be given (Code, § 894) provides
that, "after the expiration of two years and nine
months after the date of sale of the land for taxes, the law-
ful holder of the certificate may cause to be served upon the
person     *     *     *     in whose name the land is taxed
a notice.     *     *     *"     The meaning of this lan-
guage is clear.   The notice is required to be served upon the
person in whose name the land is taxed at the time the notice
is given; and, by subsequent provisions, the right of the
holder of the certificate to a deed accrues in ninety days from
the filing of the proper proof of the service, if the land then
remains unredeemed.   If the notice is served on the proper
person, the right of the holder of the certificate to a deed at
the end of ninety days after the proof of the service is filed
cannot be affected by any changes which may, in the mean
time, occur as to the taxation of the property or its owner-
ship.   If every step in the proceeding were taken at the
moment the right to take it accrued, it might often happen
that an assessment of the property would be made during

3. ——:
service of no-
tice to re-
deem: delay
in filing proof
of service:
change in as-
sessment of
land.

the ninety days after the filing of the proof of service, and that at the end of that time it would stand taxed in the name of a different person from the one in whose name it was taxed when the notice was served. If plaintiff's position is sound, it would follow that in every such case the notice would be ineffectual to terminate the right of redemption. This is clearly not the meaning of the statute, and the rights of the parties, or the effect of the service of the notice, is not at all affected by the fact that there was a delay in making the proof of the service.

AFFIRMED.