# KNIGHT V. CAMPBELL.

1. **Tax Sale and Deed**: LIMITATION OF ACTION: POSSESSION BY BAD-FAITH PURCHASER OF PATENT TITLE. G. was the owner of the land sold for taxes. Within five years from the recording of the tax deed he quitclaimed his interest in the land, and plaintiff, who was the holder of the tax title, also became owner of the patent title under the quitclaim; but the deeds conveying the patent title were not recorded until more than five years after the recording of the tax deed. Before the expiration of the five years G. conveyed the land again to other parties' and defendant claims under that conveyance, which was only a conveyance of G.'s right, title and interest in the land. *Held* that this last deed was in substance but a quitclaim, and that the grantees therein were therefore not innocent purchasers, and took nothing thereby as against the grantees in G.'s first quitclaim deed. Also, that, since G. had no right to take possession of the land after his first quitclaim, neither had the grantees under his second quitclaim, and that possession by them was a mere trespass, and, though such possession began prior to the expiration of five years from the recording of the tax deed, it did not have the effect to bar this action against them to quiet the tax title, though begun after the five years; because, as they were strangers to the title, the special limitation of five years prescribed by section 902 of the Code does not apply, and the right of action as against them would continue until barred by the general statute of limitations. Though defendant took by general warranty deed executed by the grantees in the second quitclaim, yet, since his deed was executed after the five years, *held* that he was in no better position than his grantors to question the tax title.

2. ———: NOTICE TO REDEEM: LAND TAXED TO HOLDER OF CERTIFICATE. In this case, in the year when the notice to redeem was given, the land had been assessed as "unknown," but when the holder of the certificate paid the tax on the land, the treasurer entered his name opposite the description of the land in the column of owners' names, and it so stood when the notice to redeem was given. *Held* that, whether or not the treasurer had any authority to so enter his name, he was under no obligation to serve the notice to redeem on himself as the person to whom the land was taxed.

*Appeal from Sioux District Court.*—Hon. Scott M. Ladd, Judge.

FILED, OCTOBER 17, 1888.

ACTION in equity to quiet title to a tract of land. Judgment for defendant, and plaintiff appeals.

*Parker & Richardson*, for appellant.

*Pitts & Kessey*, for appellee.

REED, J.—Plaintiff claims under a treasurer's deed. The land was sold by the county treasurer in October, 1877, for the delinquent taxes of the preceding year; and the deed was executed on the thirteenth of December, 1880, and was recorded on the fifteenth of the same month. At the time of the sale the land belonged to William Goodfellow. On the twelfth of June, 1884, Goodfellow executed a quitclaim deed of the premises to George W. Struble, who on the twenty-ninth of August, 1885, executed a conveyance thereof to plaintiff. But neither of these conveyances was recorded until December 28, 1885. On the second of December, 1885, Goodfellow executed a conveyance to S. W. Short; who on the ninth of the same month conveyed it to G. W. Pitts, and on the nineteenth of the month he executed a deed with general covenants of warranty to defendant. The consideration for the conveyance from Goodfellow to Short was paid by Pitts, N. Kessey and W. H. Cassady; and the conveyance was made to Short as a matter of convenience, and at their request, although the trust is not shown by the deed. About the twenty-fifth of November, Cassady took possession of the premises by erecting a small house thereon, and causing a single furrow to be plowed on the lines of the land. At that time the negotiation with Goodfellow was pending, but it was not consummated until the second of December. The work done by Cassady on the land was finished on the twenty-eighth of November, and nothing further was done by

*1. Tax sale and deed: limitation of action: possession by bad-faith purchaser of patent title.*

any of. the parties indicating an intention to hold possession of the premises until the following summer, when defendant procured sixty acres of the land to be broken. What was done by Cassady, however, was done in view of the negotiation with Goodfellow, and for the purpose of defeating plaintiff's title in case a conveyance should be obtained from Goodfellow. The important question in the case is whether plaintiff is barred by the statute of limitations (Code, sec. 902) from prosecuting an action for the recovery of the land. On that question it was urged (1) that, as the parties had acquired no interest or right in the property by their negotiations with Goodfellow, when Cassady did the work upon it he was a mere trespasser, and, as nothing further was done by them until after the expiration of the five years within which an action might have been brought for the recovery of the property, plaintiff's constructive possession was not disturbed, and consequently his right of action is not barred ; and (2) that Goodfellow was divested of all right to dispute or question plaintiff's title, and from that time he was a stranger to the title, and neither he nor one holding under him, except he be an innocent purchaser for value, could defeat plaintiff's right by taking and holding possession during the period of the statute, and that Pitts, Kessey and Cassady are not innocent purchasers for value.

We think the case may be determined upon a consideration of this latter proposition. The conveyance from Pitts to defendant, it will be observed, was executed after the expiration of five years from the recording of the tax deed; and, as a consequence, the bar of the statute will not operate in his favor, unless it had become effective in favor of his grantor at the time of his purchase. He is in no better position than Pitts, Kessey and Cassady would be in if they were asserting a right under the conveyance from Goodfellow to Short. Now, while the treasurer's deed to plaintiff operated to vest the latter with the title to the property, and gave him the right of possession, and he was in constructive

Knight v. Campbell.

possession while it was actually unoccupied, still Good-fellow was not divested of all right with reference to it. The right to dispute the title under the deed remained in him. He might dispute it either by an action in equity to set it aside because of defects in the proceedings under which it was executed, or by taking actual possession of the property; and in the latter case his possession alone would have defeated the title, unless an action for recovery had been brought within five years from the execution and recording of the deed. But this right was transferable, and it passed to Struble under the quitclaim deed; and, after the execution and delivery of that instrument, he might have pursued the same remedies which before that were open to Good-fellow. If the latter had, after that, brought an action to set plaintiff's deed aside, it would have been necessary only to plead that conveyance to defeat his right of recovery. Or, if he had taken possession, the law would have regarded him as a mere trespasser, and his act would no more have had the effect to defeat plaintiff's right than would a similar act by any other stranger to the title.

The case, then, turns upon the question whether Pitts, Kessey and Cassady were in any better position than he would have occupied if he had not executed the conveyance to Short, but had pursued the same remedy which they attempted; and that question depends upon the character and effect of the conveyance. It is in the following language: "The said first party, for and in consideration of three hundred dollars, * * * have remised, released, sold and conveyed and quitclaimed, and by these presents do remise, release, sell, convey and quitclaim, unto the said party of the second part," etc., "all the right, title and interest, claim and demand, which the said party of the first part have in and to the following described lot, piece or parcel of land: * * *" This is followed by a covenant to the effect that the grantor had not done or permitted any act whereby the premises described were or might be impeached, charged or incumbered. It is very apparent,

we think, that this instrument is a mere relinquishment or conveyance of such right or interest in the land as might then remain in Goodfellow. It does not purport to be more than that. The grant is of his right, title and interest in the premises ; and the question whether anything passed by it depends entirely upon whether he then had any right or interest in it, and, as we have seen, he had none. The grant is not enlarged by the covenant, for it is not an assurance of either title or seizin. The instrument is very different in its effect from that considered in *Sibley v. Bullis*, 40 Iowa, 429. That was an absolute conveyance of the premises, and not a mere relinquishment of such interest as the grantor might have. True, the estate conveyed, as is shown by the record in the case, although that fact does not appear in the opinion, was described as a "tax title ;" but the grantor covenanted that it was a valid "tax title," and, if valid, it was indefeasible. By its language, then, both in the grant and the covenant, the instrument purported to be an absolute conveyance of the property. The parties then did not acquire, under the conveyance, any right to dispute plaintiff's title, for their grantor had already been divested of that right when it was executed ; and they were in precisely the same condition he was in before its execution. The object of section 902 is to set at rest all questions between the one claiming under a treasurer's deed and those who have the right to dispute his title under it. It has no application to the case of a stranger to the title, who, during the period of limitation, enters into possession of the property ; but, as against such a party, the right of action for the recovery of the property continues until barred by the general statute of limitations.

The land was assessed as "unknown" for the year 1879, and was so entered on the tax-list. Plaintiff paid the taxes for that year on the twentieth of March, 1880. At the time of the payment the treasurer entered plaintiff's name opposite the description of the land in the tax-list, in the column of owners' names. It was

2. ——: notice to redeem: land taxed to holder of certificate.

contended that the tax deed was void for the reason that no notice of the expiration of the period for redemption was ever served on plaintiff. We do not deem it material to inquire whether the entry by the treasurer of the name of a person opposite a description of property, under the circumstances proven in this case, would constitute a taxing of the property to that person or not. But, if it should be so held, we are clear that the statute does not require the service of a notice to redeem upon that person before the right to the deed would accrue, if he is the one who at the proper time will be entitled to receive the deed.

REVERSED.