81   51
81   59
81   51
83  246
81   51
97  265

G. W. PITTS, Appellee, v. M. E. LEWIS *et al.*, Appellants.

1.  **Tax Title :** APPEAL : RECORD. A stipulation between parties to a cause, during the trial thereof, that certain evidence may be received and used in such action so far as the same may be relevant, will not make such evidence a part of the record when it is neither offered nor used in fact upon the trial.

2.  ———— : EVIDENCE. After the cause was submitted, and was held under advisement, the court permitted the defendants, on notice to the plaintiff, to file affidavits of parties who had testified upon the trial, that the originals of certain deeds, of which certified copies had been offered in evidence, were not in their possession or control. *Held,* that the reception of the affidavits was a matter resting in the discretion of the court, and no abuse of discretion was shown.

3.    ——— : VALIDITY : ATTACK. Where, in a contest over the title to
real estate, the respective parties claim under different tax deeds,
and there is neither allegation nor proof of the payment of taxes by
either party, and neither has demurred to the pleading of the other,
both parties will be deemed to have waived all question on this
subject.

4.    ——— : ——— : PLEADING. An allegation of ownership under a
tax deed by one party to a cause, and a general denial by the oppo-
site party, puts in issue every question as to the validity of such
deed that is open to investigation.

5.    ——— : ——— : ORGANIZATION OF COUNTIES : JUDICIAL NOTICE.
Courts will take judicial notice of the organization of counties
within the state.

6.    ——— : ———. A tax deed issued by a county in pursuance of an
unauthorized sale of land for taxes owing another county is void.

*Appeal from Sioux District Court.*—HON. C. H. LEWIS,
Judge.

SATURDAY, OCTOBER 11, 1890.

ACTION by equitable proceeding to quiet the title to
certain land in the plaintiff, as against the defendants,
M. E. Lewis, C. A. Dodge, Austin Corbin and Henry
Kamp. The plaintiff claims ownership and title under a
tax deed from the treasurer of Sioux county to F. M.
Hubbell, executed March 12, 1864, upon a sale made
November 6, 1860, Hubbell having conveyed said land
to Franklin Keeney, who thereafter conveyed the same
to the plaintiff. The defendants deny that plaintiff is
owner of said land, and allege that the same was sold on
August 3, 1868, by the treasurer of said county, for delin-
quent taxes, to one William H. Gurley, and that on
February 16, 1872, a treasurer's deed was executed to
one Aleck Johnson, to whom Gurley had assigned his
certificate; that on July 5, 1872, said Johnson conveyed
to Austin Corbin, who conveyed to M. E. Lewis and
C. A. Dodge, who thereafter conveyed said land to the
defendant Kamp, who still owns and is in possession of
the same. Defendants allege that more than five years
have elapsed since the execution of said tax deed, and

prior to the commencement of this suit, and that, by reason thereof the plaintiff was, when he commenced this suit, barred of his right to recover said land. The plaintiff, in reply, denies that there was a sale to Gurley; that a tax deed was executed and recorded; that the treasurer of said county had any authority to sell said premises on the third day of August, 1868; and alleges that the adjournment of the sale was for more than two months; that there was no assessment or levy of taxes on said land for either of the years 1860 to 1866, inclusive; that there was no board of supervisors or assessor for said county, authorized to act; that no delinquent taxes were brought forward on the tax list of 1866, or prior years; and that more than five years have elapsed since the execution and recording of the tax deed under which plaintiff claims; by reason whereof, defendants are barred from asserting any claim adverse to plaintiff. The case being fully submitted, decree was entered in favor of plaintiff, granting the relief prayed for. Defendants appeal.

*Struble & Stiger*, for appellants.

*Pitts & Kessey*, for appellee.

GIVEN, J.—I.  Question is made whether we have before us all the evidence offered on the trial below. In certifying the case certain documentary evidence used on the trial was set forth in the transcript by copy, the original documents not being on file in the clerk's office.  In obedience to a rule of this court upon the clerk, he recently sent up certain documents in original form, which, we think, are sufficiently identified as the same documents used in evidence on the trial.  On the trial it was stipulated "that the evidence taken in the case of E. S. Ellsworth *v.* E. W. Ross *et al.* may be used in this action as far as the same relates to the tax deed in controversy." No part of that testimony is included in the record in this case. The stipulation does not of itself make that evidence, or any

1. TAX title: appeal: record.

part of it, evidence in this case. It provides that it may
be used, but it does not appear that either party availed
himself of that privilege.   Surely it is not the province
of this court to now select from the record in that case
evidence, however pertinent to this, not shown to have
been offered and used on the trial. We think the record
before us contains, in proper form, all evidence offered
on the trial of this case.

II.   On the trial, the defendant introduced certified
copies of certain deeds for the purpose of showing the
title in the defendant Kamp.   After the
2. ——: evidence.   case was submitted, and while held under
advisement, the defendants, on notice to plaintiff, were
permitted, over plaintiff's objection, to file the affida-
vits of defendants Kamp, Lewis and Dodge, to the effect
that they did not have the original deeds, of which
copies had been offered, in their possession or control.
It was shown by counter-affidavit that Lewis and Dodge
were present, and testified on the trial, and that Kamp
was but a few miles distant at the time.   It is conceded
that it was within the discretion of the court whether to
receive these affidavits ; but it is contended that to
receive them under the circumstances was an abuse
of that discretion.   We do not discover that any preju-
dice resulted from the action of the court, nor that
there is any abuse of discretion.

III.   Each party claims under tax deed, and dis-
putes the right of the other to question the validity of
3. ——: validity:  the deed under which he claims.   If the
   attack.       deed under which plaintiff claims is valid,
then he had title to the land at the time of the tax sale
under which defendants claim, as such deed not only
conveys the interests of the owner of the patent title,
but also of the state and county.   Such title, however,
may be divested by a subsequent tax sale and deed.   If
the tax deed under which defendants claim title is valid,
then they may question the validity of plaintiff's title,
because their title was obtained from the state after the
sale under which plaintiff claims.   To determine the
rights of either to question the title of the other, we

must determine the validity of his title. A condition upon which a party may question a tax deed executed in conformity with section 897 of the Code is upon showing that he, or those under whom he claims, have paid all taxes due upon the property. There is neither allegation nor proof of the payment of taxes by either party ; and, as neither has demurred to the pleading of the other, they will be taken as having waived all question on this subject. See *Adams v. Burdick*, 68 Iowa, 666, and *Adams v. Snow*, 65 Iowa, 436.

IV. Appellants contend that the tax deed under which plaintiff claims is void, because the taxes for

4. —:—:
    pleading.

which the sale was made were due to Woodbury county, and not to Sioux county. Appellee contends that no such issue is tendered in the pleadings. Appellee alleges ownership under the tax deed to Hubbell ; and defendants deny generally, and thereby put in issue every question as to validity of that deed that is open to investigation.

V. It is argued that the court cannot take judicial notice of the organization of Sioux county, and that

5. —:—:
    organization
    of counties:
    judicial
    notice.

there is no evidence of its organization. If courts may not take judicial notice of the organization of the counties of the state, then the fact of such organization must be established in each case to show jurisdiction. *Hard v. City of Decorah*, 43 Iowa, 313, is relied upon. In that case it was held that courts would not take judicial notice of the incorporation of towns and villages under the general incorporation act. Following the statement that the courts will take judicial notice of the general incorporation acts, the court says : "But the fact that a particular village or town has availed itself of the provision of these statutes, and become incorporated as they authorize, is private in its character. The character of county organizations, and their relations to the state and its courts, are not private, but such as of necessity must be judicially noticed and recognized by the courts. As bearing more or less directly upon this subject, see *McGill v. State*, 25 Tex. App. 499; *Evans v. Kilby*, 7

S. E. Rep. (Ga.) 226; *Kansas City, F. S. & G. Ry. Co.
v. Burge*, 40 Kan. 736; 21 Pac. Rep. 589; *Com. v. Fitz-
patrick*, 15 Atl. Rep. (Pa.) 466; *State v. Glasgow*, 2
Am. Dec. 629; *County of Rock Island v. Steele*, 31 Ill.
453; *Gooding v. Morgan*, 70 Ill. 275; *People v. Robin-
son*, 17 Cal. 363; *People v. Telford*, 23 N. W. Rep. 213.
By section 41, chapter 9, Acts, Third General Assembly,
Sioux county was created, and by section 14, chap-
ter 16, Acts, Fourth General Assembly, was attached
to Wahkaw county (the name of which was after-
wards changed to Woodbury county), for judicial,
election and revenue purposes. Mr. E. E. Campbell,
called and examined by the plaintiff, testified, on
redirect examination, and without objection, that Sioux
county was first organized February 15, 1860. This
testimony being admitted without objection, and unques-
tioned in the record, we accept it as a fact proven that
Sioux county became a separate and independent organ-
ization from Woodbury county, February, 1860.

VI.   We have the fact of the organization of Sioux
county in February, 1860, before us not only as a matter
of which we will take judicial notice, but
as a matter established by direct evidence.
The case, therefore, is identical in its facts with that of
*Hilliard v. Griffin*, 72 Iowa, 331, and, following that
case, we hold that Sioux county had no authority to
sell to Hubbell, and that the deed executed in pursuance
of that sale is void. It follows from this conclusion that
the plaintiff is not entitled to the relief demanded, and
that his petition should be dismissed. This view of the
case renders it unnecessary that we consider the other
questions discussed. REVERSED.