J. A. BROWN, Appellee, v. HORACE POOL, Appellant.

1. **Tax Sales**: NOTICE TO REDEEM: WHEN UNNECESSARY. Under Code, section 894, a notice to redeem is not required, when there is no person in possession of the premises sold, and the same are not taxed to anyone by name on the tax books.

2. ———— : ———— : WHAT CONSTITUTES POSSESSION. For some time preceding the date on which service of notice of the expiration of the time for redemption must have been served, the defendant had a corral on the southeast quarter of the section wherein the land in question is situated, and, without the assertion of any claim or right to do so, herded five hundred head of cattle belonging to himself and others over a range of open and uncultivated land extending from one to two miles from the corral, and including the land in controversy. *Held*, that defendant's possession was not such as entitled him to notice under the above statute.

3. ———— : ————. Notice of the expiration of the time for redemption from a tax sale need not be served upon the purchaser at such sale because the property sold appears on the tax lists as having been assessed in his name.

*Appeal from O'Brien District Court.*—HON. C. H. LEWIS, Judge.

MONDAY, OCTOBER 27, 1890.

PLAINTIFF claims title under different tax deeds to the south half of the southwest quarter of section 12, and the northwest quarter of section 13, township 97, range 39, O'Brien county, and asks to be quieted in his title thereto. Upon the hearing plaintiff's petition was dismissed as to the first-described tract, and a decree entered in his favor as to the second. The defendant alone appeals, and hence the case is before us only in so far as it relates to the northwest quarter of section 13.

*Hughes & Hastings*, for appellant.

*T. M. Stuart* and *J. L. E. Peck*, for appellee.

GIVEN, J.—I.  Plaintiff claims title under a tax deed from the treasurer of O'Brien county to him, exe-

1. TAX sales: notice to redeem: when unnecessary.

cuted January 13, 1886, for the lands in question, based upon a sale held on the fourth day of October, 1880, for the taxes of 1876 to 1879, inclusive, and upon notice of the expiration of the time for redemption, served upon G. W. Pitts, James D. Wright and L. F. Maple, more than ninety days before the execution of the deed.  Appellant contends that the deed was invalid because the notice was not served upon the person in possession, nor upon the person in whose name the land was taxed. Appellee contends that no notice was required, and, if required, that it was served upon the proper parties. Section 894 of the Code requires that, after the expiration of two years and nine months after the date of sale, notice may be served upon the person in possession, and also upon the person in whose name the land is taxed, if such person resides in the county where the land is situated.  It follows that if there is no person in possession of the land, and it is not taxed in the name of any person, no notice is required.

II.  The two years and nine months expired July 4, 1883.  It appears that, during the summer of 1883, one

2. ——:——: what constitutes possession.

Webster resided in the vicinity of the land, had a corral on the southeast quarter of said section 13, and in person, or by his hired man, without asserting any claim of right so to do, herded five hundred head of cattle belonging to himself and others over a range of open and uncultivated land extending from one to two miles from the corral, the land in question being included in the range.  It is contended that Webster was in possession of the land in question, and that notice should have been served upon him.  Where one is in fact in possession, notice must be served upon him without regard to whether he be rightfully in possession or not, but, in determining whether a party is in possession, we may inquire whether he makes any claim to possession.  Webster's

use of the land was not made with reference to boundary lines, and was in no sense a possession different from what he had of any other open land upon which his cattle ranged. These facts are different from any of the Iowa cases cited by counsel for appellant. In *Ellsworth v. Low*, 62 Iowa, 178, the owner was held to be in possession because he had used the land for taking timber and wood therefrom. In *Sapp v. Walker*, 66 Iowa, 497, the owner had authorized the removal of dirt from his vacant lot, and had cut the weeds from year to year, wherefore he was held to be in possession. In *Whities v. Farsons*, 73 Iowa, 137, R. had surrendered possession under his lease to plaintiff before service of notice. A portion of plaintiff's corn remained on the land, and anything belonging to R. that remained was with plaintiff's consent. It was held that plaintiff was in possession. In *Callanan v. Raymond*, 75 Iowa, 307. B. had a crop of corn growing on a small portion of the land, the balance being unimproved. It was held that B. was in possession.

III.   It appears that the land was assessed in the name of I. P. Sams upon the assessment book of 1877.

3. —— : ——.

Appellant contends that the presumption is that the land continued to be taxed in the name of Sams, and notice was, therefore, necessary to him. That presumption, however, is overcome by the evidence, which shows that Sams conveyed the land to James D. Wright, upon whom notice was served six years prior to the time of serving notice. The testimony of the treasurer and auditor shows that the tax lists for 1882 and 1883 were blank, with a very few exceptions, as to the names of owners in the column so headed, and that the treasurer entered names in that column at the time taxes were paid to him. The name J. A. Brown appears in that column in the list for 1882 and 1883, and was evidently put there after the tax list passed into the hands of the treasurer, as the auditor testifies that he had no clerk, and that the name was not written by him. If the tax list fails to show in whose name the land was taxed at the time for giving notice, and no one in was

possession, no notice was required. It fairly appears that J. A. Brown, whose name appeared on the tax list, is the same J. A. Brown who purchased at the tax sale, and who brings this action. That being the case, it is not required that Brown should serve notice upon himself. See *Knight v. Campbell*, 76 Iowa, 730.

This discussion leads us to the conclusion that the decree of the district court should be AFFIRMED.