.J. A. BROWN, Appellant, v. HORACE POOLE, Appellee.

'Tax Titles: RECOVERY OF TAXES PAID: LIEN: NOTICE. Where a purchaser at a void tax sale, and his successive grantees, through a period of more, than twenty-five years paid the taxes upon certain land, *held*, that the taxes thus paid were not a charge upon the land in the hands of a subsequent purchaser thereof from the real owner without actual notice of the claim under which, nor in whose behalf, said taxes had been paid.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY MAY 21, 1892.

THIS is an action to recover certain taxes paid upon eighty acres of land in O'Brien county, and for a decree establishing the same as a lien upon said land. There was a full hearing upon the merits of the case, and a judgment was entered against the defendant for one hundred dollars, which was established as a lien upon the land. The plaintiff claims that the judgment and lien should have been for a much larger amount, and he appeals.—*Affirmed.*

*T. M. Stuart* and *J. L. E. Peck*, for appellant.

*Hughes & Hastings* and *Cory & Bemis*, for appellee.

ROTHROCK, J.—The rights of the parties depend upon undisputed facts. So far as they are material, they are as follows: The land upon which the taxes were paid was entered at the United States land office at Sioux City, Iowa, by Robert S. Wharton on the

first day of June, 1857, and a patent was afterwards
issued to him. ' On the twenty-eight day of September,
1885, Wharton conveyed the land to Horace Poole,
the defendant, by a special warranty deed. The land
was assessed for taxation for the years 1858 and 1859,
and was sold by the treasurer of O'Brien county on
the twenty-second day of December, 1860, for the said
taxes of 1858 and 1859. On the twenty-eighth day of
June, 1866, the treasurer of said county executed a
tax deed to C. C. Orr, the tax sale purchaser. Orr
conveyed the land to Moses Lewis by a special war-
ranty deed made July'2, 1866. Lewis conveyed to one
Boyer by warranty deed in January, 1868. The land
was afterwards conveyed by Boyer to one Baker, and
by Baker to C. W. Inman, by Inman to Joseph B.
Wade, and by Wade to Isaiah P. Sams, by Sams to
J. D. Wright, and on the nineteenth day of September,
1885, the said Sams and one Maple, who had acquired
a sheriff's deed on the land upon the foreclosure of a
mortgage thereon, executed and delivered quitclaim
deeds to J. A. Brown, the plaintiff herein. Brown,
the plaintiff, commenced an action against Poole, the
defendant, to quiet his title under the tax deed, and
in April, 1889, it was determined that the tax deed
was void, and that Brown had no title to the land,
and his petition was dismissed.

It is conceded that the tax deed was void, because
the treasurer of O'Brien county had no power to sell
the land for taxes, and that the sale should have been
made by the treasurer of Woodbury county, to which
O'Brien county was then attached for the purposes of
taxation. The purchaser at the tax sale, and all of the
successive grantees under the tax deed, paid the taxes
on the land from the time of the tax sale down to and
including the taxes for the year 1886. The district
court rendered judgment against the defendant for the
taxes paid by Brown after the land was quitclaimed to

him. The plaintiff claims that all of the taxes paid by the successive grantees under the tax deed should have been established as a lien upon the land. As we understand the contention of the plaintiff, it is not claimed that a personal judgment should have been rendered against the defendant for taxes paid before he became the owner of the land, but that when he purchased the land he took it charged with a lien for all the taxes paid thereon. There is nothing in the record by way of evidence which should be held as charging the defendant with notice that any claim would be made for taxes paid upon the land. He took his title by a deed of special warranty. It appears by an agreed statement of facts in the case "that this defendant has paid all taxes on said land levied thereon since the year 1886, and that at the date of the purchase of said land by him he had no actual knowledge of the payment of taxes for any of the years prior thereto, nor to whom, nor upon what claim, nor in whose behalf the same were paid." It is manifest to us that under these facts the plaintiff has no right to a lien upon the land for any taxes paid either by his immediate or remote grantors. When the taxes were paid they ceased to be a lien, but the person making the payment had the right to have liens established. That was a right, however, which, under the facts in this case, did not pass with the land. As sustaining these views see *Rice v. Bates*, 68 Iowa, 393; *Seymour v. Shea*, 62 Iowa, 708; *Fogg v. Holcomb*, 64 Iowa, 621, 628; *Bowen v. Duffie*, 66 Iowa, 88, 92; *Smith v. Blackiston*, 82 Iowa, 240.

The decree of the district court is AFFIRMED.