JAMES L. PAXTON, Appellee, v. CHARLES L. ROSS *et al.*,
Appellants; SAME v. W. S. SHOEMAKER
*et al.*, Appellants.

1. **Title to Real Estate:** EVIDENCE: SUFFICIENCY OF PLAT. Where,
in an action to redeem property from a tax sale, it appeared that the
identity of the property, as described in the deeds of both parties,
was dependent upon a plat thereof, intended to be the deed of a cor-
poration then owning the property, but which was signed and
acknowledged only by one who was described as the president of such
corporation, *held*, that, as the claims of both parties rested upon said
plat, the defendants could not object to the introduction thereof in
evidence upon the ground that it did not purport to be the act of the
corporation, and was not attested by the corporate seal.

2. ———: ———: TAX SALE: RIGHT TO REDEEM. Under the provisions
of section 893 of the Code, any right or interest in property will enti-
tle a party to maintain an action to redeem the same from tax sale.
Proof of absolute title is unnecessary. Where, therefore, in an action
to redeem, the plaintiff having introduced, in proof of his chain of
title, a deed made to one M. Thompson, of Washington City, District
of Columbia, offered in evidence a deed purporting to be that of
"Michael Thompson, of Honolulu, Sandwich Islands," but signed
"M. Thompson," and the certificate of the notary recited that
"Michael Thompson" signed and acknowledged said deed, *held*, that
the latter deed was properly admitted in evidence without proof that
the grantee in the first deed and the grantor in the second were the
same person.

3. **Tax Sale for Taxes Not Carried Forward:** VALIDITY: CON-
STRUCTION OF STATUTE. Section 845 of the Code, providing that any
sale for delinquent taxes, not brought forward on the tax book, shall
be invalid, is not in conflict with chapter 79 of the Acts of 1876,
authorizing the sale of property which remains liable to sale for delin-
quent taxes, and which has been advertised and offered, and passed
for want of bidders, for two or more years; and a sale made under
the latter statute, for taxes which have not been carried forward, is
invalid.

*Appeal from Pottawattamie District Court.*—HON. N. W.
MACY, Judge.

FRIDAY, JANUARY 19, 1894.

THESE cases were, by stipulation, submitted together,
separate decrees to be entered, and are so submitted on

this appeal. They are actions in equity, wherein the
plaintiff asks to be permitted to redeem lot 3, block 16,
and lot 1, block 21, in the Ferry addition to the city of
Council Bluffs, from tax sales, and deeds therefor,
under which the defendants claim title, which sales
were made on the seventh day of August, 1882, for the
delinquent taxes of the years 1877, 1878, 1879 and 1880.
The ground upon which the plaintiff alleges that said
tax sales and deeds are void is that said delinquent
taxes were not carried forward on the tax book of 1881.
It is sufficient to say of the answers that in each case
the defendants deny generally the allegations of the
petitions, and claim to be absolute owners of the prop-
erty in question. A decree was entered in each case in
favor of the plaintiff, granting the relief asked, and in
each case the defendants appeal.—*Affirmed.*

*W. S. Shoemaker,* for appellants.

*Burke & Casady,* for appellees.

GIVEN, J.—I. The correctness of the abstracts
being denied, we have examined the case as shown in
the transcript on file, which we find to be sufficient to
authorize us to consider the case *de novo.*

It is shown by stipulation that one Williams deeded
land embracing the lots in question to the Council
1. TITLE to real Bluffs & Nebraska Ferry Company, which
estate: evi-
dence: suffi- deed was duly executed and recorded.
ciency of plat. The plaintiff offered in evidence the record
of plats of the county, showing a plat of the Ferry
addition to the city of Council Bluffs, embracing
the land in question, signed by "Enos Lowe, Presi-
dent of the Council Bluffs & Nebraska Ferry Com-
pany," and acknowledged by "Enos Lowe, President
of the Council Bluffs & Nebraska Ferry Company."
The appellants objected on the ground that it was the
act of Enos Lowe, and not of the Council Bluffs & Ne-

braska Ferry Company, and that the plat was not attested by the seal of the corporation. This plat was executed and recorded long prior to the tax sales in question, under which the appellants claim title. It was by that plat that the lots named were given their identity as lots 1 and 3. Without this plat, the appellants' tax deeds would be clearly void, as their description would be inapplicable to the government subdivision. It seems to us clear that both parties are claiming under this plat of Ferry addition, and, therefore, neither party is in position to question the sufficiency of the plat which they have agreed, by stipulation, was made and recorded. The appellants rely upon *Kimball v. Shoemaker*, 82 Iowa, 459, wherein this same plat was in question. In that case the plaintiff claimed certain lots under this plat, and the defendant claimed the government subdivision, and not only the sufficiency, but the existence, of the plat was in issue.

II. The appellees, in proving their title, introduced in evidence a deed from Enos Lowe to "M. Thompson, of Washington City, District of Columbia," for the lots in question. They then introduced a deed from "Michael Thompson, widower, now of Honolulu, Sandwich Islands," to "John E. McGuire, of the city of St. Paul, Minnesota." This deed is signed "M. Thompson," and the acknowledgment contains the following: "Before me personally appeared Michael Thompson, to me known to be the person described in, and who executed, the foregoing instrument, and acknowledged that he executed the same as his free act and deed." The appellants objected to the introduction of this deed on the ground that it did not purport to be the deed of M. Thompson, of Washington City, District of Columbia, but of Michael Thompson, of Honolulu, and because it is acknowledged by Michael Thompson, and not by M. Thompson. It is contended

2. ——: ——: tax sale: right to redeem.

that this deed was inadmissible, without evidence showing that the grantor, Thompson, was the identical Thompson to whom Enos Lowe had conveyed. It will be observed that the conveyance from Enos Lowe was to M. Thompson, and that the notary certifies that M. Thompson, who executed the deed to McGuire, is known to him to be the person described in, and who executed, that deed. The practice of writing only the initial letter, of given names is recognized in *Stoddard v. Sloan*, 65 Iowa, 680. The certificate of acknowledgment renders it satisfactorily certain that Michael Thompson, who appeared before the notary, is the same person as M. Thompson, who executed the instrument. We see no reason to doubt that the grantee Thompson and the grantor Thompson are the same person. To require other evidence of identity before the deed could be admitted would be to render it impracticable, if not impossible, in many instances, to trace title.

The appellants contend that, under section 897 of the Code, appellees must show, by competent evidence, absolute title in themselves, before they are permitted to question the appellants' title acquired by the treasurer's deeds. The provision of said section is as follows: "But no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he or the person under whom he claims title had title to the property at the time of the sale." This action is distinguishable from *Lockridge v. Daggett*, 54 Iowa, 332, which was an action to recover possession, and from *Varnum v. Shuler*, 69 Iowa, 92, which was an action to quiet title. This action is under section 893 of the Code, authorizing "any person entitled to redeem land sold for taxes after delivery of the deed" to maintain such an action. The court has repeatedly held that a party having any right or interest in the property may redeem. *Adams v. Beale*, 19 Iowa, 61;

*Byington v. Buckwalter*, 7 Iowa, 512. The appellees
were not, therefore, required to show absolute title, to
maintain this action. We conclude that said plat and
deed were admissible in evidence, and that, taken in
connection with the other evidence of title, the plaintiff
may maintain these actions.

III. The ground upon which the appellees claim
the right to redeem from these tax sales is that the
delinquent taxes for which the lots were
sold were not carried forward on the tax
books, as required by section 845 of the
Code. These sales were made under
chapter 79 of the Acts of 1876. The appellants con-
tend that under this chapter it was not required that
the delinquent taxes for the preceding years should be
carried forward on the tax books. Without said chap-
ter 79, it was required that the sale "be made for and
in payment of the total amount of taxes, interest and
costs due and unpaid." Code, section 871. Said
chapter 79 authorizes the sale, to the highest bidder, of
lands and town lots which remain liable to sale for
delinquent taxes, and which had been advertised and
offered, and passed for want of bidders, for two or
more years. Said chapter expressly provides that "all
provisions of the revenue law of Iowa not inconsistent
with this act shall apply to such sale and to the
redemption of any real estate sold by virtue of this
act." The provision of section 845, requiring that
the delinquent taxes be brought forward upon the
tax book, is not inconsistent with said chapter. The
purpose of said chapter was to authorize the sale
to the highest bidder, of lands and lots that had pre-
viously failed to sell for the amount of the taxes,
interest, and penalty due thereon. Said section 845,
providing that the delinquent taxes should be carried
forward, provides as follows: "And any sale for the
whole or any part of such delinquent tax not so entered

*Margin note:* 8. Tax sale for taxes not car-ried forward: validity: con-struction of statute.

shall be invalid." These tax sales were made on the seventh day of August, 1882, for the delinquent taxes of the years 1877, 1878, 1879, and 1880, which delinquent taxes had not been entered upon the book as required by said section 845, and it follows that the sales are invalid, and that the plaintiff, having a right and interest in said lots, is entitled to redeem the same.

The decree of the district court, as entered in each case, is AFFIRMED.