MARGARET SHELLEY, *et al.*, v. JOHN Y. SMITH, *et al.*, Appellants.

**Taxation:** NOTICE TO PERSON IN POSSESSION. One who breaks some of the land in a given lot, constructs fences thereon, uses it as a pasture, and cuts therefrom firewood and fence posts, and lives in a house in the same quarter section although not on such land, is entitled to notice of expiration of redemption from a tax sale, required by Iowa Code, section 894, to be served upon the "person in possession."

SAME: *Practice.* A tax deed will be set aside for failure to observe a requirement of Iowa Code, section 894, that a notice of the expiration of redemption from a tax sale shall be served on the person in possession of the land.

STATUTE OF LIMITATIONS. Where such notice is not given, Code section 902, providing that no action to recover land sold for non-payment of taxes can be brought after five years from the recording of the tax deed, does not apply.

FRAUD: *Evidence.* Fraud in the issuing of a tax deed, is not established by the fact, that the grantee therein, subsequently conveyed the land to one who was treasurer at the execution of the former deed, and deputy treasurer at the execution of the latter, and a person who was an employe of the treasurer's office at both times, and that the latter after obtaining the deed for the entire land, conveyed it to his minor son.

PRACTICE: *Color of Title.* Evidence that plaintiffs in an action to cancel a tax deed, had been in undisturbed possession, under a claim of right sufficient to constitute color of title, for more than sixteen years before the land was sold for taxes, raises the presumption that they had such title at the time of the sale, as entitles them to maintain this action.

**Practice Supreme Court.** That a petition to cancel a tax deed, fails to allege that plaintiff has paid all taxes due, cannot be first raised on appeal.

*Appeal from Boone District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, FEBRUARY 7, 1896.

ACTION in equity to have canceled a tax deed of real estate. There was a hearing on the merits, and a decree for the plaintiffs. The defendants appeal.— *Affirmed*.

*Crooks & Snell* for appellants.

*Whitaker & Dale* for appellees.

ROBINSON, J.—The material facts shown by the pleadings and evidence, are substantially as follows: In the year 1867, a Mrs. McMillian occupied the northeast quarter of section 7, in township 83 N, of range 26 W, in Boone county, under a claim of right, the nature of which is not fully shown; but it appears to have been made under the pre-emption laws of the United States. Michael Shelley purchased Mrs. McMillian's claim, and moved on the land in April, 1868, and resided thereon with his family, until his death, which occurred in the year 1878. The plaintiffs are his widow and children, and are entitled to all the property of his estate. They have made their home on the land, continuously, since his death. At a sale of the land for delinquent taxes, held in October, 1883, the northeast quarter of the northeast quarter of the section specified, known as lot 1, and containing nearly forty acres, was sold for the delinquent taxes of the year 1882, to S. T. Stanfield. He assigned the certificate of sale to John Y. Smith, to whom a tax deed was issued July 21, 1887. In March, 1890, Smith executed a deed for the lot to W. H. Wright and Miles Beckett; in May, 1890, Beckett executed to W. H. Wright a quitclaim deed for the lot; and in March, 1893, the latter executed a warranty deed for it to his minor son, F. H. Wright. Beckett was treasurer of the county, and W. H. Wright was in his office as an employe and a delinquent tax collector of the county, when the tax deed

was executed.   Smith, Beckett, and the two Wrights
are made parties defendant.   The plaintiffs allege that,
when Michael Shelley died, he was the absolute owner
of the land; that the tax deed, which was executed
for it, is void and of no effect, that it was obtained by
fraud, and without any knowledge of it on the part of
the plaintiffs, with the intent to deprive them of the
ownership of the lot; that Beckett and W. H. Wright
knew, when the tax deed was executed, that it
was void.    The plaintiffs ask that the tax deed,
and  the  other  deeds  executed  by  the  defendants,
to which we have referred, be decreed to be void,
and for general equitable relief.   The district court
found that the plaintiffs are the owners of the lot, and
that the tax deed was void, and rendered a decree
according to the findings.   The decree also provided
for the redemption of the lot from tax sale, by the
plaintiffs, and contained other provisions, which are
not important to a determination of this appeal.   The
plaintiffs do not prove title to the lot from the general
government to Mrs. McMillian, nor any title in them-
selves, excepting as they show the claims of Mrs.
McMillian, the purchase from her, and the occupation
and improvement of the land by Michael Shelley and
by themselves.   It is shown, on the part of the defend-
ants, that the state of Iowa patented the lot, with
other lands, to the Des Moines Valley Railroad Com-
pany, on the twenty-second day of November, 1881,
and that on the twenty-eighth day of January, 1882,
the railroad company executed a deed for the lot to
Charles E. Whitehead, trustee.

   I.   The petition does not state the facts which
constitute the alleged fraud in the issuing of the tax
deed.   It is claimed in argument, that Smith, in
connection with what he did with the tax title,
acted for Beckett and W. H. Wright.   The only
indications of fraud are the fact that Beckett was

treasurer when the tax deed was made to Smith, and that Wright was employed in his office; that Beckett was deputy treasurer, and Wright was an employe of the office when the deed from Smith to them was made; and that, after the transfer by Beckett to Wright, the latter conveyed to his minor son. We do not think these facts establish fraud, and no further consideration need be paid to that branch of the case.

II. The lot was taxed for the years 1882 and 1883, in the name of C. E. Whitehead, and his name is set out in the record of the tax sale as its owner. It is not shown to whom it was taxed in the years 1886 and 1887. The notice of the expiration of the time in which to redeem from the tax sale, was addressed to Charles Whiteside and Charles E. Whitehead, and was served, only, by publication in a newspaper. It was stated in the proof of service, that no person was in possession of the lot, and no notice of the taking out of a tax deed was ever served upon the plaintiffs, nor upon any of them. We understand that the plaintiffs intend, by the averments of the petition, to charge that notice of the expiration of the time for redemption was not served upon them. They claim to have been in the actual possession of the lot when the notice was served, and at all times since the tax sale was made, and that they were entitled to notice, and that the tax deed was void for want of it. Section 894, of the Code, relates to the notice required in such cases, and provides that, "after the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase, may cause to be served upon the person in possession of such land, or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, * * * a notice signed by

him, his agent, or attorney, stating the date of the sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire and a deed for said land will be made, unless redemption from such sale be made within ninety days from the completed service thereof." This requirement is absolute, and a failure to observe it, will afford ground for setting aside the tax deed. *Bradley v. Brown,* 75 Iowa, 180 (39 N. W Rep. 258); *Callanan v. Raymond,* 75 Iowa, 307 (39 N W. Rep. 511); *Rice v. Bates,* 68 Iowa, 393 (27 N. W Rep. 286); *Ellsworth v. Low,* 62 Iowa, 178 (17 N. W Rep. 450); *Wilkin v. Wilkin,* 92 Iowa, 160 (60 N. W. Rep. 194); *Cornoy v. Wetmore,* 92 Iowa, 100 (Id. 246).

*Snell v. Railway Co.,* 88 Iowa, 442 (55 N. W Rep. 310). When the required notice has not been given, section 902, of the Code, which provides that "no action for the recovery of real property for the non-payment of taxes, shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded," does not bar an action by the owner of the land to redeem. *Slyfield v. Barnum,* 71 Iowa, 245 (32 N. W. Rep. 270); *Wilson v. Russell,* 73 Iowa, 395 (35 N. W. Rep. 492); *Hillyer v. Farneman,* 35 Iowa, 227 (21 N. W. Rep. 578). The evidence satifies us that Michael Shelley took actual possession of the land in controversy, in April, 1868, that he held it continuously until his death occurred, and that his possession was continued by the plaintiffs until after the tax deed was executed. It is true that the dwelling house and appurtenant buildings were not on the lot in question, but they were on the quarter section of land, of which the lot formed a part, and which was claimed by Michael Shelley. The quarter section was rough, and but a portion of it was tillable, but Shelley erected a house and built a fence upon it, planted an orchard,

raised crops, and used a part of the land for pasture. After his death, the plaintiffs continued his possession, and constructed a new house and additional fences. Some of the breaking and some of the fencing were upon the lot in question, and it was pastured, and fire wood and fence posts were cut therefrom. We are satisfied that the plaintiffs were in possession of it, within the meaning of section 894, of the Code, and should have been served with a notice of the tax deed. *Callanan v. Raymond,* 75 Iowa, 307 (39 N. W. Rep. 511); *Ellsworth v. Low,* 62 Iowa, 178 (17 N. W. Rep. 450); *Brown v. Pool,* 81 Iowa, 455 (46 N. W. Rep. 1069); *Cahalan v. Van Sant,* 87 Iowa, 593 (54 N. W. Rep. 433).

III.  Section 897 of the Code, provides that "no persons shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States, or from this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid." It is claimed by the appellee that the land in question was a part of the grant made by act of congress for the improvement of the Des Moines river, and afterward conferred upon the Des Moines Valley Railroad Company, and that the title of the state in the land was divested January 1, 1871, under the rule of *Whitehead v. Plummer,* 76 Iowa, 181 (40 N. W. Rep. 709). It is not denied that the land was taxable for the year 1882. Michael Shelley and the plaintiffs had been in actual possession of the lot in question, under a claim of right which was sufficient to constitute color of title, for more than sixteen years before the lot was sold for delinquent taxes. See *Hamilton v. Wright,* 30 Iowa, 480; *Tremaine*

*v. Weatherby*, 58 Iowa, 615 (12 N. W. Rep. 609). It was held in *Railway Co. v. Allfree*, 64 Iowa, 500 (20 N. W. Rep. 779), that adverse possession may be based upon such a right or color of title, as against the grantee of the general government, even though the land had not been formally conveyed by it. That rule applies in this case. It is not definitely shown when the title to the land actually passed from the state, but it was prior to the time when the taxes for which the sale was made were levied, and may have been many years before. The possession and claim of the plaintiffs and Michael Shelley had continued, unquestioned by any one, so far as the record shows, for more than nineteen years, when notice of the tax deed was given, and it does not appear to have been questioned, excepting by the claimants under the tax deed, at the time of the commencement of this action, nearly twenty-six years after the claim of title was made, and possession taken under it. We are of the opinion that these facts are sufficient to authorize the presumption that the plaintiffs had title to the lot when it was sold for the delinquent taxes of 1882. *Paxton v. Ross*, 89 Iowa, 661 (57 N. W. Rep. 428). That presumption has not been overcome by the defendants, and it must be regarded as conclusive in this case.

IV. The petition does not allege that the plaintiffs, or others, have paid all taxes due upon the lot, and appellants insist that this is a fatal defect. The answer to this and similar claims, in regard to the petition, is that these alleged defects were not in any manner called to the attention of the district court, and they must therefore be deemed to have been waived. *Lyman v. Morse*, 76 Iowa, 671 (39 N. W. Rep. 203); *Seymour v. Snea*, 62 Iowa, 708 (16 N. W. Rep. 196); *Mann v. Taylor*, 78 Iowa, 355 (43 N. W. Rep. 220); *Pitts v. Lewis*, 81 Iowa, 54 (46 N. W. Rep. 739); *Linden v. Green*, 81 Iowa, 366 (46 N. W. Rep. 1108);

*Dunn v. Wolf,* 81 Iowa, 690 (47 N. W. Rep. 887). We conclude that the plaintiffs are entitled to redeem from the tax sale in question, and the decree of the district court is therefore AFFIRMED.