J. C. CAHALAN, Appellee, v. VAN SANT & DIKEMAN, Appellants.

87   593
97   264
87   593
103   221
87   593
128   222

1. Tax Deed: NOTICE TO REDEEM: WHEN REQUIRED. A tax deed, issued without notice to redeem, does not cut off the right of redemption where the person to whom the land is taxed at the date of the tax deed resides in the county where the land is situated, and has made hay on the land for several years.

2. ———: ———: ———. The facts that at the date of the tax sale the land was assessed to "Unknown," and that at the expiration of the three years it was assessed to one deceased, did not excuse the want of notice to the person in possession, some years later, when the deed was issued.

3. ———: ———: ———. The fact that the person to whom land sold for taxes is assessed, and in whose possession it is, has no title of record at the time when a tax deed issues therefor, in no way affects the duty of the purchaser to give him notice to redeem, nor the right of such person to redeem from the sale and deed.

VOL. 87—38

4. ———: ACTION TO REDEEM: QUESTION OF OWNERSHIP. Where the plaintiff, in an action to redeem land from a tax deed, himself claimed under a prior tax title, and it appeared that the original holder of that tax title did not have his deed recorded for thirteen years, and it was not shown that he ever took possession of the land. *Held*, that it would not be presumed that he did not take possession, and that his rights were for that reason divested in favor of the original owner.

5. ———: ———: VALIDITY OF ASSESSMENT: DESCRIPTION. In an action involving the validity of a tax deed, the fact that the land was assessed as a congressional subdivision, and not as a part of a town plat, is immaterial, where the description was definite, and there was no question of identity; and this is especially so where both parties are claiming under the same description used in the assessment.

6. ———: ———: QUESTION OF OWNERSHIP: QUITCLAIM DEED. A married woman who had the title to land joined her husband in a deed, in which they "released and quitclaimed" all their interest in the land, and in which she released her dower. *Held*, that such deed, with possession, gave the grantee such an interest as entitled him to redeem from a tax sale.

7. ———: ———: NONPAYMENT OF TAXES BY PLAINTIFF. Although the plaintiff in an action to redeem from a tax deed has not paid all taxes due upon the land, as required by section 897 of the Code as a condition to questioning the validity of the deed, yet where he has tendered the taxes to the treasurer, and done all in his power to conform to the law, but has been unable to do so on account of confusion in the description of the land on the tax books, and he still offers to pay the taxes upon proper ascertainment thereof, he is entitled to maintain an action to redeem.

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

THURSDAY, FEBRUARY 2, 1893.

ACTION to redeem from a tax sale. There was a decree for the plaintiff, and the defendants appeal. *Affirmed.*

*J. H. Trewin*, for appellants.

*M. B. Hendrick*, for appellee.

GRANGER, J.—On the fifth day of January, 1887, the defendant firm received from the treasurer of Allamakee county a tax deed for the north half of lot 5, in section 10, township 96, range 3 north, in pursuance of a sale thereof made in November, 1879, for the

delinquent tax of 1878. No notice of the expiration of redemption was given, as required by Code, section 894. The plaintiff, as owner of the lot, has tendered the money for redemption, which was refused, and he brings this action, asking that a right of redemption be decreed. The title upon which the plaintiff bases his right of redemption is as follows: John Walsh, in 1876, obtained the title thereto by virtue of a tax sale deed. He afterwards died, and by devise passed the title to his daughter, Alice. She married one Joseph Broderick. Broderick and his wife joined in a quit-claim deed to the plaintiff in April, 1889.

I. The plaintiff, as owner, bases his right of redemption on the fact of there being no notice of 1. TAX deed: notice to redeem: when required. expiration of redemption. The appellants urge several reasons why the redemption should not be permitted. The statute makes the giving of the notice of expiration of redemption a condition precedent to the expiration of such a right, and the notice is to be served on the party in possession of the land, and upon the person in whose name it is taxed, if he resides in the county where the land is situated. Of course, to necessitate the notice, there must be some person in possession, in the one case; and in the other it must be taxed in the name of some person, and he must reside in the county where the land is, if a personal service is to be made. The tax deed by which the defendants claim the title, was issued March 5, 1887; and it is urged that at that time there was no one in actual possession of the lot, on whom notice could be served. It appears that in 1885, 1886 and 1887, the lot was assessed in the name of Joseph Broderick, and he paid the taxes. In 1883 and 1884 it was assessed to "John Walsh, Esq.," and the taxes were paid by Joseph Broderick. The lot is situated on the Mississippi river bottom. Broderick lives in Allamakee county, and from two to two and one-

half miles from the lot; and, for several years before the deed issued, he used it as hay land, for which it seemed to be adapted. These facts are such as to have rendered a notice of expiration of redemption necessary. For the years 1885, 1886 and 1887, the land was taxed in the name of Broderick, and he resided in the county where the lot is situated. Besides, he was in possession of the land. If he was taking the hay from the land each year, that was a fact indicating possession, and clearly observable. It was enough to put the defendant on inquiry as to who was exercising these rights of possession, that the notice contemplated by the law could be given before his right to redeem should be concluded. See *Ellsworth v. Low*, 62 Iowa, 178. It was not important that the acts indicating possession should be exercised at the season of the year when the deed was to issue. It was only necessary to do such acts as the nature of the particular occupancy required.

II. At the time of the sale of the lot, under which the defendants claim, it was assessed to "Unknown," and for the year 1882, when the three years for redemption would expire without the requirement of a notice, it was assessed to "John Walsh, Esq.;" and it is claimed that either of these facts rendered a notice unnecessary. Without determining the effect of such facts, in the absence of possession, we are clear that they do not affect the requirement of the law as to notice to the person in possession.

III. The tax deed to Walsh issued in 1876, and was not recorded till September, 1889; and it is urged that there was no evidence of record, before, that the plaintiff or his grantors claimed the title to the lot. The absence of the deed from the record in no way affected the duty of the defendants as to giving notice; nor does it in any way affect the right of the plaintiff to redeem.

IV.  Walsh took his deed in 1876, and it is claimed that it does not appear that he took possession

4. —: action to redeem: question of owner- ship.

of the lot, and that the absence of his deed from the record for thirteen years shows an abandonment, and that the lien for taxes was divested in favor of the original owner.  This case involves no question between other parties, and we will not assume an absence of possession during that period, in favor of the defendants. Ownership rather indicates possession than otherwise. In fact, without evidence to the contrary, possession should be presumed.  *Hall v. Guthridge*, 52 Iowa, 408.

V.  It seems that the land was at one time platted as the town of Allamakee, and the designation as the

5. —: —: validity of assessment: description.

north half of lot 5, in section 10, etc., is not as a part of said plat or town.  For one or two years this plat seems to have been recognized, and the assessments made by designation of the blocks and lots therein.  It is now urged that the assessment by the present designation renders the tax deed to Walsh void, because the plat has never been vacated, and the assessment must be by the lots and blocks, and can be "in no other way."  We do not think so.  The identity of this lot is not in dispute, and the method of its designation, so long as it is definite and certain, is not material in this controversy. Both parties are here claiming this lot by the designation under the congressional subdivision, and such a designation does not affect the rights of either.  See, as bearing on this question, *Young v. Cosgrove*, 83 Iowa, 682.

VI.  The title to the lot by devise from Walsh was in Mrs. Broderick, and the deed from Broderick

6. —: —: question of ownership: quitclaim deed.

and wife to the plaintiff is a quitclaim; and it is urged that it does not pass the title, because Mrs. Broderick merely joins her husband to release her contingent right therein.

The language of the deed purports to convey more than a mere contingent interest by the wife, if her interest was greater than that. The language is, "We hereby release and quitclaim to John C. Cahalan * * * all our interest in and to the following described tract of land," etc, and below is a clause as follows: "And the said Alice Broderick hereby relinquishes all her right of dower," etc. The language seems to be as conclusive against all interests of the wife as of her husband. It is not a conveyance where there are covenants of warranty, so that the rule in relation thereto obtains. The conveyance, with the possession, certainly gives to the plaintiff such an interest that he may protect it by a redemption from a sale for taxes.

VII. The taxes on the lot for the year 1873 have not been paid, and this fact is urged as against the plaintiff's right to redeem. It is provided by section 897 of the Code that no person shall be permitted to question a treasurer's deed without showing "that all taxes due upon the property have been paid by such person, or the person under whom he claims title." The plat of the town of Allamakee was recorded in 1858. For the years 1873 and 1874 the lot in question seems to have been listed as lots and blocks in the town. In fact, for 1874 it seems to have been also designated as "Lot 5," etc., as it has been in all other years, except 1873. For some reason, probably because the effort to start a town was an entire failure, the town plat designations have been disregarded, and the congressional designations observed, in matters of assessments for taxes, except for the year 1873. In 1889, and again before the commencement of this suit, the plaintiff and Mr. Broderick asked of the treasurer that the lot in question be listed and assessed, and the money was tendered to pay the taxes thereon for the year 1873, but it was not done. Lots 5 and 6 as designated by

*7. —: —: non-payment of taxes by plaintiff.*

the congressional subdivisions, are embraced in the town plat, and from the record we are not informed as to whether or not the north half of lot 5 can be accurately described by designations of lots and blocks in the town. From the fact that the other method of assessment has been so long and so exclusively observed, we may infer that some sufficient reason exists for it. In view of these facts we are of the opinion that the plaintiff and his grantor used every reasonable effort to conform to the law as to payment of taxes before commencing the suit, and with their expressed readiness now to pay the taxes, upon a proper ascertainment, that the plaintiff should not be denied the right of redemption because such taxes are not now paid. There are no other questions that it is important to consider, and the judgment is AFFIRMED.