Joan J. JAMISON, Individually and as a Personal Representative of the Estate of Edith Joy Rivers, Deceased, Appellees,

v.

Joe M. KNOSBY and Dave Hanf, Appellants.

No. 87–305.

Supreme Court of Iowa.

May 11, 1988.

Rehearing Denied June 15, 1988.

John E. Casper of Flander and Casper, Winterset, for appellants.

Stephen Meyer of Meyer Law Firm, Chariton, for appellees.

Considered by McGIVERIN, C.J., LARSON, SCHULTZ, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

In this equity proceeding, we review de novo the trial court's judgment in plaintiffs' quiet title and damage action and defendants' counterclaim concerning a farm installment sale contract. Iowa R.App.P. 4.

Defendant Dave Hanf, as a farm tenant, contends that trial court erroneously ruled he was not entitled to receive: (1) a notice of forfeiture pursuant to Iowa Code section 656.2(2) (1985) of the vendee's interest in the farm of his landlord, defendant Joe M. Knosby; and (2) notice of termination of Hanf's farm tenancy pursuant to Iowa Code sections 562.6 and 562.7.

Because we determine that Hanf was entitled to be served with a notice of forfeiture, we do not reach the notice of termination of farm tenancy question, nor do we address the other issues defendants raise contesting plaintiffs' damage recovery. Finding, further, that plaintiffs' forfeiture action was not effective, we conclude that defendants Hanf and Knosby are entitled to possession of the farm premises and that Hanf is entitled to recover for the 1985 crop year under the lease. Thus, we reverse and remand.

I. *Background facts and proceedings.* Plaintiffs, Joan J. Jamison and her now deceased mother, Edith Joy Rivers, were owners as tenants in common of a 120 acre farm in Lucas County. Jamison served as conservator for her mother during the period this controversy took place, and represents Rivers' estate in this action.

In early 1982, Jamison decided to sell the farm to help pay for her mother's mounting medical costs. As conservator for her mother, and on behalf of herself and her husband, Jamison entered into a real estate sales contract to convey the farm to Joe M. Knosby. The contract called for annual payments by Knosby to the sellers.

Knosby made the down payment and took possession on March 1, 1982. He made the annual payment in 1983, but was unable to make the 1984 payment. Before the March 1 due date, Knosby approached Jamison to request a modified payment schedule. Jamison and her husband agreed. The written modification deferred the 1984 principal payment and required that the interest payment be made in two

installments, one-half on May 10, 1984, and one-half on November 1, 1984. Knosby made the first modified interest payment on schedule and farmed the land for the 1984 crop year.

In October of that year, Knosby entered into a three-year lease with his brother-in-law, defendant Dave Hanf, who had helped him farm the previous crop season. The lease gave two-thirds of the crop to Hanf and one-third to Knosby, with Hanf to pay all expenses in connection with the crop. The lease was recorded on October 26 in the Lucas County recorder's office. *See* Iowa Code §§ 558.41, 558.44. Six days later, Knosby failed to make the November 1 interest payment.

Jamison initiated forfeiture proceedings in January of 1985. *See* Iowa Code ch. 656. Knosby was served with notice of forfeiture pursuant to Iowa Code sections 656.2 and 656.3 on January 16. Hanf received no notice of any kind from Jamison.

When Hanf learned from other sources of the forfeiture proceedings concerning Knosby's contract, he contacted Jamison, asking that she honor his existing lease. Jamison refused because she had already made an oral commitment to her brother-in-law to lease the farm to him for the coming crop year.

After consulting with his attorney, Hanf informed Jamison in March 1985 that he intended to abide by the terms of his lease with Knosby because he had not been served with notice of forfeiture of the real estate contract or notice of termination of farm tenancy. *See* Iowa Code §§ 656.2(2); 562.5–562.7. Jamison responded through her attorney that she considered Hanf's rights to the land extinguished by the forfeiture.

Between early January and April of 1985, Hanf purchased fertilizer, herbicides and seed in preparation for spring planting on the Jamison farm. He did not actually enter onto the land until April 15, when he applied a herbicide to the tillable acres. On April 20, Hanf, with the help of Knosby, planted corn on 110 acres of the farm.

Jamison discovered later in April that Hanf had planted a corn crop. The follow-ing September, she secured an injunction, as a part of the present action, to keep Hanf and Knosby off the property. Jamison's brother-in-law then harvested the 1985 crop.

Jamison brought this action to quiet title in her, to recover damages for lost profits for the 1986 crop year due to the carryover effect of the herbicide applied by Hanf in the 1985 crop year, and to recover punitive damages for trespass. Jamison contends that the carryover effect of the herbicide prevented her from planting soybeans the following crop year. She argued that, had she been able to plant a soybean crop, her farm would have qualified for a federal government support program and her profits would have been higher.

Hanf counterclaimed asking the court to declare him entitled to possession, to award him two-thirds of the revenue from the 1985 corn crop, and for damages concerning the 1986 crop year.

Knosby also counterclaimed, asking the court to declare the forfeiture void and to award him the landlord's one-third share of the crop revenue. At trial, however, Knosby did not personally appear. His attorney told the trial court he had been instructed by his client "to tell the court that any interest he has in the Jamison farm for the crop years 1985 and thereafter is in his opinion subject to any obligations that he has to the Jamisons under the terms of his purchase contract." Although Knosby joined in defendants' appeal from the trial court's judgment, in his appellate brief Knosby did not ask for any damage award in his favor. In appellate argument, Knosby's attorney repeated the statement made to the trial court concerning Knosby's present interest, or lack thereof, in the case.

The trial court found for plaintiffs on all counts and awarded them actual and punitive damages. Defendants now appeal.

■ II. *Adequacy of the forfeiture proceedings.* This case was brought in equity and it is the general rule that equity abhors a forfeiture. *Roshek Realty Co. v. Roshek Bros. Co.,* 249 Iowa 349, 358, 87

N.W.2d 8, 13 (1957). In adherence to that rule, forfeiture statutes are to be construed strictly against a forfeiture, with the burden to show full and strict compliance with the statutory procedures upon the party seeking forfeiture. *Lett v. Grummer,* 300 N.W.2d 147, 149 (Iowa 1981); *Kilpatrick v. Smith,* 236 Iowa 584, 593, 19 N.W.2d 699, 703 (1945).

■ Real estate contract forfeitures are governed by Iowa Code chapter 656. The notice provision in section 656.2 requires service of a notice of forfeiture on the contract vendee, and in addition subsection 2 states:

> The vendor shall also serve a copy of the notice required in subsection 1 on the *person in possession* of the real estate, if different than the vendee, and on all mortgagees of record.

(Emphasis added.)

Hanf claims he was a "person in possession" of the farm in January 1985, and thus, entitled to be served with a notice of forfeiture.

Possession requires an act of dominion or control over the property in question. *Morling v. Schmidt,* 299 N.W.2d 480, 482 (Iowa 1980). In determining what acts demonstrate possession of land, our cases have referred to "conduct which gives notice" to the party claiming title to the property. *Pendergast v. Davenport,* 375 N.W. 2d 684, 690 (Iowa 1985). Frequently, that conduct has been actual entry onto the land or some objectively observable use or care made of the land. *See Thompson v. Chambers,* 229 Iowa 1265, 1273, 296 N.W. 380, 384 (1941) (cases digested which show acts that demonstrate possession).

■ It is undisputed that Hanf did not enter onto the Lucas County farm until April 1985. Hanf did have a recorded lease, however, which put Jamison on constructive notice of his exercise of control over the land. *See* Iowa Code §§ 558.41 and 558.44. The fact that Hanf did not actually occupy or enter this farmland during the winter months does not dilute his claim. There was nothing to be done on the farmland during the winter. We do not find it necessary to require a farm lessee to carry on activities atypical to the nature of farming cropland in order to demonstrate possession. *Cf. Moffitt v. Future Assurance Ass'n, Inc.,* 258 Iowa 1160, 1171, 140 N.W.2d 108, 112 (1966) (In adverse possession cases "it is enough if the person pleading the statute takes and maintains such possession ... as ordinarily marks the conduct of owners in general in holding, managing, and caring for property of like nature and condition."); *Cahalan v. Van Sant & Dikeman,* 87 Iowa 593, 596, 54 N.W. 433, 434 (1893) (with farmer challenging lack of notice of expiration of redemption period on tax deed sale, "It was not important that the acts indicating possession should be exercised at the season of the year when the deed was to issue.").

We conclude that Hanf was a person in possession of the farm. Failure to serve notice of forfeiture on a person in possession under Iowa Code section 656.2 renders the forfeiture ineffective. *Fulton v. Chase,* 240 Iowa 771, 773–74, 37 N.W.2d 920, 921 (1949). Hence, Knosby was the owner of record of a vendee's interest in the farm for the 1985 crop year, and he remains such record owner. Hanf's lease also remains valid.

In view of our conclusions here, we need not reach the remaining issues raised by Hanf concerning the forfeiture or the termination of his farm tenancy. Necessarily, the trial court's damage award in favor of plaintiffs, the injunction against defendants, and the quiet title judgment are reversed.

■ III. *Defendants' counterclaim.* On de novo review, we may, and do, address Hanf's counterclaim. Hanf was entitled to possession of the farm under a validly recorded and effective farm lease when he was enjoined from further access to the farm in 1985. Having been wrongfully dispossessed, we determine he is entitled to two-thirds of the 1985 crop proceeds pursuant to the terms of the lease.

The proceeds from the 1985 corn crop totalled $33,584.72. Hanf is entitled to two-thirds of that sum; therefore, plaintiffs are liable to Hanf for $22,389.81.

**6**

Hanf also seeks recovery for lost profits in 1986. In *Dopheide v. Schoeppner*, 163 N.W.2d 360, 367 (Iowa 1968), we stated three prerequisites for a lessee's recovery of lost profits occasioned by the lessor's breach:

(1) Such damages must have been within the contemplation of the parties at the time the lease was made;

(2) Such damages must be the natural and direct result of the breach; and

(3) Such damages must be established with reasonable certainty and may not be based upon speculation and conjecture.

The *Dopheide* requirements are of questionable relevance here because the lessor's vendor rather than the lessor terminated the lessee's possession. Whatever the applicability of the first two elements, we find that Hanf's damage estimate for 1986 is too speculative. Under general damage principles, overly speculative damages cannot be recovered. *See Renze Hybrids, Inc. v. Shell Oil Co.*, 418 N.W.2d 634, 639 (Iowa 1988).

Defendant Knosby did not seek any monetary damage recovery in his appellate briefs, and, accordingly, we grant him none.

IV. *Disposition.* Plaintiffs failed to follow the requirements of Iowa Code section 656.2. Consequently, the contract for sale between plaintiffs and Knosby was not forfeited. The trial court's damage recovery, quiet title ruling and injunction relief to plaintiffs are reversed and we grant defendant Hanf's damage counterclaim for $22,389.81 plus interest as allowed by law against the plaintiffs. We remand the case for entry of judgment in accord with this opinion.

REVERSED AND REMANDED.