John L. DREESEN, Plaintiff–Appellant,

v.

Lawrence W. LECKBAND, Margae
Farms, Inc., Defendants,

and

Sheldon Production Credit Association of
Sheldon, Iowa; Production Credit As-
sociation of the Midlands; and Farm
Credit System Capital Corporation, De-
fendants–Appellees.

No. 90–1245.

Court of Appeals of Iowa.

Nov. 26, 1991.

William A. Shuminsky of Shuminsky,
Shuminsky & Molstad, Sioux City, for
plaintiff-appellant.

Bernard L. Spaeth, Jr. and Thomas R.
Pospisil of Whitfield, Musgrave & Eddy,
Des Moines, for defendants-appellees.

Considered by SCHLEGEL, P.J., and
HAYDEN and HABHAB, JJ., but decided
en banc.

HABHAB, Judge.

In 1978, Harold G. and Leola Ann Reiter
entered into a written real estate contract
with Larry Leckband. Subsequently, Leck-
band assigned his interest to Margae
Farms, of which he was the primary share-
holder and chairman of the board. The
assignment was never recorded.

In May 1982, Leckband, in his individual
capacity, assigned his interest in the prop-

erty to the Sheldon Production Credit Association. The assignment was recorded in June 1982. The Sheldon Production Credit Association was associated with the Production Credit Association of the Midlands. Farm Credit System Capital Corporation is the successor in interest to the Sheldon Production Credit Association. All of these entities will hereinafter be referred to collectively as "PCA".

In January 1986, Leckband defaulted on his payments to the Reiters on the real estate contract. The plaintiff-appellant, John L. Dreesen, claims that he entered into an oral lease of the Reiter farm with Margae Farms on about February 8, 1986. On February 25, 1986, Reiter served a notice of forfeiture upon Leckband and the PCA, as mortgagee. Neither Dreesen nor Margae Farms was provided personal notice of the forfeiture.

Leckband did not inform Dreesen of the forfeiture. Also, Leckband did not inform the Reiters of the oral lease with Dreesen. Dreesen entered the land on about April 7, 1986, to remove rocks.

On May 12, 1986, the Reiters executed an affidavit in support of the forfeiture. The Reiters also deeded their interest in the subject property to the PCA pursuant to the 1982 assignment by Leckband to the PCA. Later, on May 28, 1986, Margae Farms, by Leckband, entered into a written lease of the subject property with Dreesen.

Dreesen did not find out about the forfeiture until June 11, 1986, when he starting to disc the land. A representative of the PCA, Howard Furgeson, saw Dreesen on the property and informed him he would have to leave because the PCA owned the land.

In February 1987, Dreesen filed his amended and substituted petition seeking a determination that the forfeiture was not effective against him and that he was entitled to rent the property. Pursuant to the PCA's motion for summary judgment, the district court dismissed Dreesen's petition. Dreesen has filed this appeal.

1. Margae Farms has not appealed this ruling by the trial court. Since we agree with the trial court, we pass the question whether the appel-

## I.

This case was tried at law. Our scope of review is on assigned error only. Iowa R.App.P. 4.

## II.

Dreesen claims that summary judgment was not proper in this case because there was a genuine issue of material fact concerning whether he was in possession of the land prior to the service of the notice of forfeiture.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). The moving party has the burden of demonstrating there is no genuine issue of material fact. *Colton v. Branstad,* 372 N.W.2d 184, 188 (Iowa 1985). The court is required to view the record in a light most favorable to the party against whom the summary judgment is sought. *Id.* Every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved. *Knapp,* 345 N.W.2d at 121.

## III.

The district court found the Reiters had no obligation to serve notice of the forfeiture on Margae Farms because the corporation was not a party entitled to notice under Iowa Code section 656.2.[1] We agree. The assignment of the real estate contract from Leckband to Margae Farms was never recorded, and thus, the Reiters had neither actual nor constructive notice of the assignment.

## IV.

The district court also found Dreesen was not entitled to notice of the forfeiture

lant Dreesen, on his own, can raise this issue on appeal.

as a party in possession under section 656.2. We affirm the district court on this issue as well.

 Forfeiture statutes are to be construed strictly against a forfeiture, with the burden to show full and strict compliance with the statutory procedures upon the party seeking forfeiture. *Jamison v. Knosby*, 423 N.W.2d 2, 5 (Iowa 1988). Section 656.2 requires service of a notice of forfeiture upon the person in possession of the real estate; failure to do so renders the forfeiture ineffective. *Id.* In determining what acts demonstrate possession of land, our cases have referred to conduct which gives notice to the party claiming title to the property. *Id.* That conduct may be actual entry onto the land or some objectively observable use or care made of the land. *Id.* The element of custody and control is involved in the term possession. *Warren v. Yocum*, 223 N.W.2d 258, 261 (Iowa 1974).

In this case, the oral lease between Dreesen and Margae Farms was allegedly made on about February 8, 1986. The Reiters' notice of forfeiture was made on February 25, 1986. Dreesen admits he only drove by the farmland prior to February 25 and did not begin work on the land until about April 7, 1986. We determine that, as a matter of law, Dreesen had not engaged in any conduct prior to the time the notice of forfeiture was made which would give notice to the Reiters that he had an interest in the property. Therefore, Dreesen is not a party in possession under Iowa Code section 656.2.

We affirm the district court's grant of summary judgment.

Pursuant to an order of the supreme court, the costs of printing the amendment to the appendix will be taxed to the appellees.

AFFIRMED.

All Judges concur, except SACKETT, J., who specially concurs.

SACKETT, Judge (special concurrence).

I concur with the majority opinion. I write because the majority opinion is contrary to this court's holding in *Kansas City Life Ins. Co. v. Hullinger*, 459 N.W.2d 889, 893–94 (Iowa App.1990). In *Kansas City*, the farmland had been leased first to Snook, who then subleased to Hullinger. Snook was served with a notice to terminate his farm tenancy within the time frame required by Iowa Code section 562.6. Hullinger was not served with a notice. In *Kansas City*, 459 N.W.2d at 893–94, we affirmed the trial court decision that as a matter of law a subtenant was entitled to notice of the termination of a farm tenancy. I disagreed with this holding, *Kansas City*, 459 N.W.2d at 898–900, and still consider the holding to be an erroneous construction of the statute, and a decision that does not reasonably assign the risk to the person best able to provide for it. It also is a decision establishing uncertainty on terminating farm tenancies. For reasons set forth in my dissent, I feel that portion of *Kansas City*, 459 N.W.2d at 893–94, holding a sublease is entitled to a notice under section 562.6 should be overruled. Unless we do so, the majority holding in this case will be contrary to *Kansas City*.