Sandra BROWN, Appellee,

v.

Nancy J. Wells NEVINS, Appellant.

No. 92–546.

Court of Appeals of Iowa.

March 30, 1993.

Todd A. Elverson of Eichhorn, Elverson & Vasey, Des Moines, for appellant.

Bryan R. Jennings of Reich Law Firm, Adel, for appellee.

Heard by DONIELSON, P.J., HAYDEN, J., and McCARTNEY, Senior Judge.*

HAYDEN, Judge.

In this appeal we address whether a forfeiture action by a vendor of real estate should be set aside and whether the action slandered vendee's title.

On November 29, 1984, Sandra and James Brown and Nancy Wells Nevins entered into a real estate contract for the purchase of a piece of real estate in Dallas County. The purchase price of the real estate was $48,491.99. The contract provided for a $10,000 down payment. The remaining balance, $38,491.99, was payable according to the terms of the contract in

---

* Senior Judge from the 2nd judicial district serving on this court by order of the Iowa Supreme Court.

monthly installments of $386.02. The contract balance at the end of 1991 was $30,500. Sandra's equity equaled approximately $18,000. The contract executed by the parties specifically provided for forfeiture of the contract under provisions of chapter 656 of the Iowa Code. In April of 1989, the marriage of Sandra and James Brown was dissolved and Sandra was awarded the real estate which is involved in this case.

In October or November of 1991, Nevins learned Sandra had failed to pay the real estate taxes on the property. The contract provided Sandra was liable for the real estate taxes. Nevins, who became a licensed realtor in 1989, prepared a notice of forfeiture of real estate contract listing a default of taxes in the amount of $560. The notice required Sandra to pay the taxes and the reasonable costs of service within thirty days of service. Sandra was served on December 6, 1991, and James was served on December 10, 1991. On December 20 or 21, 1991, Sandra paid the real estate taxes. At that time, Sandra did not pay the service fee. On January 3, 1992, Sandra paid and Nevins accepted the January 1992 monthly contract payment.

On January 6, 1992, Nevins wrote Sandra regarding the service fee which Sandra had not paid. Nevins claimed the service fee equaled $40 and included the cost of serving Sandra, which was $20, and serving James, which was an additional $20. Nevins granted Sandra ten days in which to pay the $40. On January 22, 1992, Nevins filed an affidavit in support of forfeiture with the Dallas County Recorder stating Sandra had failed to make any attempt to pay the $40. Also on January 22, 1992, Nevins received the post office receipt showing Sandra had received the January 6, 1992 letter on January 21, 1992. On January 31, 1992, Sandra mailed $40 and her February contract payment to Nevins. Nevins refused both checks. On February 4, 1992, Nevins caused a notice to quit to be served on Sandra.

On February 7, 1992, Sandra filed a petition to set aside the forfeiture and for damages. After a hearing, the district court filed its decree on March 16, 1992.

The district court found Nevins' actions indicated the forfeiture had been cured and the real estate contract was in full force and effect. The court's conclusion was based on its findings Nevins received the January contract payment on January 3, 1992, and delayed in notifying Sandra of the amount of the service fee until after the thirty days, which had begun on December 6, had run. Therefore, the district court concluded Nevins had waived her right to proceed further with the forfeiture under the existing notice. The district court set aside the forfeiture proceedings and restored the contract to its former condition.

On Sandra's claim for damages, the district court concluded Nevins had slandered Sandra's title in the real estate. The district court found at the time Nevins filed the affidavit, she lacked proof Sandra knew the amount of the costs of service. The court stated Nevins' actions constituted a publication of slanderous and false words. The district court also found Nevins had an interest in the real estate and acted maliciously by pursuing her forfeiture action against Sandra. Finally, the district court found when the holder of the title of property for security purposes maintains a position seeking to divest the ownership rights of the property holder, special damages occur if the property owner is called on to defend the title to the real estate. The district court also concluded Sandra proved her claim for punitive damages, finding Nevins had acted maliciously, recklessly, and with wanton conduct. The district court ordered Nevins to pay Sandra $1200 in actual damages and $600 in punitive damages.

Nevins has appealed the district court's decree. Nevins contends the district court erred in concluding she slandered Sandra's title and in holding the attempted forfeiture was null and void.

■ Our review of this equity action is de novo. Iowa R.App.P. 4.

I. *Slander of Title.* This issue is whether the filing of the affidavit in support of forfeiture of the real estate con-

tract constitutes a slander of title. The elements to a slander-of-title action are: (1) an uttering and publication of slanderous words; (2) falsity of those words; (3) malice; (4) special damages to the plaintiffs; and (5) an estate or interest of the plaintiff in the property slandered. *Davitt v. Smart,* 449 N.W.2d 378, 379 (Iowa 1989) (citations omitted).

■ Upon our de novo review, we find the evidence fails to support an essential element of the cause of action for slander of title. Sandra failed to prove special damages. The district court's award of $1200 appears to be an award for Sandra's attorney fees which she incurred in defending her title. The Iowa Supreme Court has held a successful plaintiff in a slander-of-title action is not entitled to attorney fees as part of its damages. *Montgomery Properties v. Economy Forms,* 305 N.W.2d 470, 471–72 (Iowa 1981). We reverse on the slander of title issue and the award of damages of $1200.

■ In addition, we address the district court's award of punitive damages. To recover damages for slander of title, plaintiff must show actual or legal malice or want of good faith and probable cause. *Henderson v. Millis,* 373 N.W.2d 497, 506 (Iowa 1985) (citation omitted). This proof is not necessarily sufficient to sustain a punitive damages award. Proof necessary for a punitive damages award requires a higher standard of culpability—wrongful conduct accompanied by willful or reckless disregard for the rights of another. *Parks v. City of Marshalltown,* 440 N.W.2d 377, 379 (Iowa 1989). Nevins' conduct did not reach this degree and did not support an award of punitive damages. An evil intent on behalf of Nevins cannot be inferred. We reverse the award of punitive damages against Nevins in the sum of $600.

II. *Forfeiture.* This forfeiture action is based on the failure by Sandra to pay the costs of serving notice, which totaled $40.

■ Our courts recognize the general principle equity abhors forfeitures. *Chicago R.I. & P.R. Co. v. City of Iowa City,* 288 N.W.2d 536, 541 (Iowa 1980); *Collins v.*

*Isaacson,* 261 Iowa 1236, 1242, 158 N.W.2d 14, 17 (1968) (citations omitted). " 'In adherence to that rule, forfeiture statutes [chapter 656 of the Iowa Code] are to be construed strictly against a forfeiture, with the burden to show full and strict compliance with the statutory procedures upon the party seeking forfeiture.' " *Jamison v. Knosby,* 423 N.W.2d 2, 5 (Iowa 1988) (quoting *Lett v. Grummer,* 300 N.W.2d 147, 149 (Iowa 1981)); *Dreesen v. Leckband,* 479 N.W.2d 620, 622 (Iowa App. 1991).

■ Nevins caused a notice of forfeiture of real estate contract to be served on Sandra on December 6, 1992. Nevins listed unpaid real estate taxes in the amount of $560 as the sole default. Sandra cured this default by paying the taxes on December 20 or 21, 1992. The bar form notice contained other language which provided the party in default must also "pay the reasonable costs of serving this Notice." Other than this language, the notice did not disclose what amount constituted the reasonable costs of service. The provisions of chapter 656 require the vendor put the vendee on specific notice of each and every alleged default. Iowa Code § 656.2 (1991). Pursuant to Iowa Code section 656.4, the vendee must comply with all defaults listed in the notice and pay the reasonable costs of service within thirty days. Iowa Code § 656.4 (1991). In this case, however, Nevins failed to inform Sandra of the specific amount she claimed to be the reasonable costs of service until January 6 at which time Nevins sent a letter to Sandra by certified mail. Sandra signed for this letter on January 21, 1992. The letter stated Sandra had ten days within which to pay a $40 cost of serving the notice. Sandra sent the $40 payment on January 31, 1992. Given these circumstances, the attempted forfeiture is null and void.

We do not believe equity will allow forfeiture of the rights of Sandra, who has equity in the property of approximately $18,000, based on this alleged default. The amount claimed in default is trifling when compared with Sandra's equity in the real estate. *Lett,* 300 N.W.2d at 149; *Miller v.*

American Wonderlands, Inc., 275 N.W.2d 399, 403 (Iowa 1979). In *Lett v. Grummer* and *Watson v. Chapman,* the Iowa Supreme Court found equity would not allow forfeiture for defaults which were miniscule in amount. *Lett,* 300 N.W.2d at 149; *Watson v. Chapman,* 244 Iowa 56, 63, 55 N.W.2d 555, 559 (1952). The court found the forfeitures to be null and void. *Lett,* 300 N.W.2d at 149; *Watson,* 244 Iowa at 63, 55 N.W.2d at 559. We recognize the Iowa Supreme Court, in *Miller v. American Wonderlands, Inc.,* upheld a forfeiture even though the vendee's default equaled only $10.48. *Miller,* 275 N.W.2d at 403. *Miller,* however, is distinguishable from the case at hand. In *Miller,* the vendee had repeatedly missed contract payments, allowed liens in the amount of $13,300 to accumulate against the property, and defaulted in a manner which the court found to be flagrant and stubbornly deliberate. *Id.* at 401, 403. In *Lett,* the Iowa Supreme Court was confronted with its previous rulings in *Miller* and *Watson. Lett,* 300 N.W.2d at 149. The court stated *Miller* was factually different from *Lett* and *Watson. Id.* The court emphasized the egregious conduct of the vendee in *Miller* was not present in *Lett* and *Watson. Id.*

The record shows Sandra did not act in the egregious manner in which the vendee in *Miller* acted. The facts in the case at hand are not similar to those in *Miller.* In this case, Nevins delayed notifying the vendee of the amount she claimed to be reasonable costs of serving notice of forfeiture. The attempted forfeiture must be set aside. We affirm on this issue.

Costs of this appeal are taxed one-half to Nancy Wells Nevins and one-half to Sandra Brown.

**AFFIRMED IN PART AND REVERSED IN PART.**