# IN THE COURT OF APPEALS OF IOWA

No. 17-0599
Filed September 12, 2018


IN THE MATTER OF THE ESTATE OF LAVERNE E. WORKMAN, Deceased,

**DENNIS WORKMAN,**
        Plaintiff-Appellant,

**vs.**

**GARY WORKMAN, Individually and as Executor of the Estate of LaVerne E. Workman,**
        Defendant-Appellee,

**CYNTHIA NOGGLE, RANDY NOGGLE, JASON WORKMAN, CHRISTINE THOMPSON, and JEFFREY WORKMAN,**
        Defendants.
_____


        Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.


        Dennis Workman appeals the revocation of his shares in his father's estate.

**AFFIRMED IN PART AND REVERSED IN PART.**



        Bruce E. Johnson of Cutler Law Firm, PC, West Des Moines, for appellant.

        Daniel P. Kresowik of Stanley, Lande & Hunter, PC, Davenport, for appellee.



        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**PER CURIAM.**

Dennis Workman challenged his parents' estate plans in several actions. *See In re Estate of Workman*, 903 N.W.2d 170, 172-75 (Iowa 2017) (affirming district court's denial of Dennis' motion to expand his undue-influence claim to include prior wills and codicils executed by his mother); *Workman v. Iowa Dist. Ct.*, No. 17-1038, 2018 WL 3302361, at *4 (Iowa Ct. App. July 5, 2018) (sustaining challenge to issuance of bench warrant following revocation of Dennis' shares in a family trust); *In re Estate of Workman*, No. 16-0908, 2017 WL 706342, at *1 (Iowa Ct. App. Feb. 22, 2017) (affirming revocation of Dennis' shares in his mother's estate). This appeal raises the identical issues as the issues raised in No. 16-0908, except that they relate to the will of Dennis' father rather than his mother.

The underlying facts are well documented in the prior opinions, and we find no reason to set forth a detailed account here. Suffice it to say that the 2001 will of Dennis' father LaVerne, like the will of his mother, contained the following "no-contest" provision:

> If any beneficiary under this will in any manner, directly or indirectly, contests the validity of this instrument, or any disposition under this will, or any other trust created by me, by filing suit against my executor, the trustees under any trust, any share or interest given to such beneficiary under the provisions of this will is revoked and shall be disposed of in the same manner provided under this will as if that contesting beneficiary and all descendants of that beneficiary had predeceased me.

*See Workman*, 2017 WL 706342, at *1.

After LaVerne's death, Dennis Workman filed a petition to set aside the 2001 will based on lack of testamentary capacity and undue influence on the part of Dennis' brother Gary. Dennis named his minor son as an interested party.

Dennis later dismissed his claims without prejudice. Following the dismissal, Gary filed a motion to revoke Dennis' shares and interest, citing the no-contest provision of the will. The district court granted the motion after an evidentiary hearing. On appeal, Dennis argues the district court should not have enforced the "no-contest" provision because he acted with probable cause and in good faith in filing the will-contest action.

## I.      Revocation of Dennis' Interest

Our prior opinion in No.16-0908 contains a detailed discussion of the law governing no-contest provisions. *See id.* at *1-3. Of key import is the following sentence: "[O]ur common law holds [that no-contest] provisions 'will not be enforced against one who contests the will in good faith and for probable cause.'" *Id.* at *2 (emphasis omitted) (quoting *In re Estate of Cocklin*, 17 N.W.2d 129, 135 (Iowa 1945) and citing *Geisinger v. Geisinger*, 41 N.W.2d 86, 93 (Iowa 1950)). The good faith and probable cause standards overlap. *Id.* Accordingly, they will be examined together.

We begin with the testator's intent and his conduct in furtherance of that intent. LaVerne, like his wife, included the following statement in his 2011 will:

> My wife and I wish to formally acknowledge that we recognize and understand that the cumulative effect of our wills and the Workman Family Trust will be to give our son, Gary, a disproportionately large share of our combined assets. We have intentionally and knowingly made these provisions understanding that Gary will receive more of our combined estates than our other two children. We have done this to recognize the many years of contribution and effort made by Gary, which has benefited us over the years that he has lived near us. The statement I am making in this paragraph is merely precatory and intended to express my intent.

*Id.* at *5. In addition, LaVerne discussed his reason for the disposition with his estate attorney. The attorney testified the couple was concerned about Dennis' financial difficulties and expressed a desire to have him take that concern into account in the estate planning documents. He stated the no-contest provision was added "to minimize th[e] possibility" Dennis would contest the will. In our view, LaVerne's intent to divest Dennis of his interest in the estate should he contest the will could not have been clearer.

We turn to LaVerne's mental capacity. Dennis relies on a 2012 medical note pertaining to his mother, which mentions "[s]he is with her husband at assisted living who also has dementia." He also cites a 2009 medical report addressing his mother's health and the stressors in her life, including Dennis' "financial struggles" and her husband's memory loss. Neither of these medical reports speaks to LaVerne's mental capacity at the time he executed the 2001 will. Other evidence cited by Dennis is equally unavailing, particularly in the face of testimony from LaVerne's lawyer and others that LaVerne was of sound mind when he executed the will.

Finally, there is scant indication Dennis informed his attorney about the no-contest provision and filed the will-contest action on the advice of counsel after being advised of the ramifications of the no-contest provision. *Id.* at *3-4. In fact, Dennis testified he did not specifically recall discussing the no-contest provision with his attorney.

On our de novo review, we agree with the district court that Dennis failed to establish good faith and probable cause for filing the will-contest action. We further

conclude the district court acted equitably in granting Gary's motion to revoke Dennis' share and interest in LaVerne's estate.

## II.    *Bequest to Dennis' Son*

LaVerne bequeathed $5000 to Dennis' minor son.   The district court revoked the shares of Dennis "and the shares of his descendants, with the exception of the specific bequest made to a descendant and not challenged by a descendant."   Dennis seeks confirmation that his son "is entitled to receive" his bequest.

We acknowledge that the son was an interested party whose stake was challenged in the district court action.  However, the son did not make a decision to join his father's challenge under the will.  We find this determinative, as the "good faith" standard looks to the personal intent of the interested party choosing to challenge the will.  *See, e.g.*, *Cocklin*, 17 N.W.2d at 135 (holding that no-contest provisions "will not be enforced against one who contests the will in good faith and for probable cause").  Because the son did not make a decision to enter into this challenge, he exercised neither bad faith nor unreasonable belief, directly or indirectly, and he should not suffer forfeiture of his interest.

While we affirm the revocation of Dennis' interest, we reverse as to the son.

**AFFIRMED IN PART AND REVERSED IN PART.**

All judges concur except Vaitheswaran, P.J. who dissents in part. Potterfield, J., writes separately.

**POTTERFIELD, Judge** (writing separately).

I agree with the majority that Dennis's interest in his father's will should be revoked, as he failed to establish good faith and probable cause for filing the will-contest action relating to his father's will; I write separately to explain why I take a different position on this issue in this action than I did in *In re Estate of Workman*, No. 16-0908, 2017 WL 706342, at *7 (Iowa Ct. App. Feb. 22, 2017). In No. 16-0908, regarding the will of Dennis's mother, Dennis satisfied his burden of establishing probable cause for challenging the will in the trial to the jury, as he survived Gary's motion for directed verdict and the motion for summary judgment in part. Considering this, along with the precept that equity abhors forfeitures, *see Brown v. Nevins*, 499 N.W.2d 736, 738 (Iowa 1993), I wrote to reverse the revocation of Dennis's interest in his mother's will.

But here, Dennis voluntarily dismissed his petition to set aside his father's will after Gary filed a motion for summary judgment. The evidence here was presented in the hearing on Gary's motion to revoke Dennis's share. Dennis did not survive a motion for directed verdict here. Unlike in the case involving his mother's will, there is nothing in the procedural history that supports Dennis's proof of good faith and probable cause. Additionally, in No. 16-0908, I relied in part on the fact that counsel undertook representation of Dennis in his will-contest action and continued that representation throughout the trial; the inference Dennis relied on counsel's advice was a circumstance in the evaluation of Dennis's good faith and reasonable belief in his claim. But here, Dennis's will contest never made it to trial, as he chose to—perhaps on the advice of counsel—dismiss his claim.

Because of the important differences in the present action and No. 16-0908, I agree with the majority that we should affirm the district court's revocation of Dennis's interest in his father's will.

**VAITHESWARAN, Presiding Judge** (dissenting in part).

I concur in affirming the revocation of Dennis' shares and interest in LaVerne's estate. I respectfully dissent from the majority's conclusion that Dennis' minor son is entitled to receive $5000 bequeathed to him by LaVerne.

Unfortunately for the son, Dennis named him as an "interested party" in his will-contest action. An interested party is someone with "a cognizable legal interest" or "who has a recognizable stake." *See Richter v. Shelby Cty.*, 745 N.W.2d 505, 509 (Iowa 2008) (citations omitted). The son had a recognizable stake and his stake "was challenged," in the district court's words, by his father, who was the person authorized to act for the minor. In my view, the no-contest provision of LaVerne's will was triggered.

I have considered precedent limiting on public policy grounds parents' authority to make certain decisions affecting their children. *See Galloway v. State*, 790 N.W.2d 252, 256-57, 259 (Iowa 2010) (concluding preinjury releases executed by parents purporting to waive the personal injury claims of their minor children "violate public policy and are therefore unenforceable"). While it is tempting to adopt this rationale, I am ultimately persuaded by the oft-cited principle that a testator's intent is controlling. *See, e.g.*, *In re Estate of Carpenter*, 533 N.W.2d 497, 507 (Iowa 1995). Having found the no-contest provision of LaVerne's will enforceable, I would find its unambiguous language divested the son of his bequest. *See In re Estate of Workman*, No. 16-0908, 2017 WL 706342, at *6 (Iowa Ct. App. Feb. 22, 2017).