# IN THE COURT OF APPEALS OF IOWA

No. 18-1607
Filed August 21, 2019

**JORGE OSCAR SANCHEZ and ELIGIO SANCHEZ ESTRELLA,**
Plaintiffs-Appellants,

**vs.**

**RR&A HOLDINGS, LLC,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

Jorge Sanchez appeals the district court order denying his petition for an injunction of the enforcement of the forfeiture of a real estate installment contract. **AFFIRMED.**

Brandon J. Buck of Moore, McKibben, Goodman & Lorenz, LLP, Marshalltown, for appellants.

Gail E. Boliver of Boliver Law Firm, Marshalltown, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Jorge Sanchez appeals the district court order denying his petition to enjoin the enforcement of the forfeiture of a real estate installment contract with RR&A Holdings, LLC (RR&A).[1] Jorge challenges the sufficiency of the notice of forfeiture, contends RR&A waived its right to the interest on delinquent payments, and argues he should be granted more time to cure the default to avoid the forfeiture.

## I.      Background Facts and Proceedings

In July 2012, Jorge and Eligio entered into a real estate installment contract with RR&A[2] for the purchase of property in Marshalltown. The total purchase price was $165,000.00—$155,000.00 for the real estate and $10,000.00 for personal property in and on the property. The contract also required a down payment of $15,000.00. Under the contract, the Sanchezes had to pay the remaining balance in monthly installments until July 2013, when they would need to pay a final balloon payment, in addition to a separate monthly payment for the property's real estate taxes. Other relevant portions of the contract provide:

> 12.      TIME IS OF THE ESSENCE. Time is of the essence in this Agreement. Failure to promptly assert rights of Seller herein, shall not, however, be a waiver of such rights or a waiver of any existing or subsequent default.
>       . . . .
> 16.      FORFEITURE. If Buyers (a) fail to make the payments aforesaid, or any part thereof, as same become due; or (b) fail to pay the taxes . . . ; or (e) fail to perform any of the agreements as herein made or required; then Sellers, in addition to any and all other legal and equitable remedies which they may have, at their option, may proceed to forfeit and cancel this contract as provided by law (Chapter 656 Code of Iowa). Upon completion of such forfeiture

---

[1] Eligio Sanchez, Jorge's father, was a party to the forfeiture and petition for injunctive relief. He does not appeal.

[2] Rich Jordan is the president and sole proprietor of RR&A.

Buyers shall have no right of reclamation or compensation for money paid. . . .

17.  FORECLOSURE AND REDEMPTION.  If Buyers fail to perform this contract, Sellers, at their option, may elect to declare the entire balance immediately due and payable after such notice, if any, as may be required by Chapter 654, The Code. . . .

. . . .

19.  INTEREST ON DELINQUENT AMOUNTS.  Either party will pay interest at the highest legal contract rate applicable . . . on all amounts herein as and after they become delinquent and/or cash reasonably advanced by either party pursuant to the terms of this contract, as protective disbursements.

An addendum to the contract provided for a one-year extension of the terms if the Sanchezes were unable to secure financing prior to July 2013.  Any extension would be filed as a modification agreement and provided RR&A would receive an additional principal payment of $10,000.00 as consideration for the extension.

In June 2014, the parties signed a modification agreement, extending the payments and terms to June 2016, at which time the final balloon payment would be due.  The Sanchezes claimed they made the additional $10,000.00 payment as contemplated by the original contract and the resulting balance did not reflect credit for the payment.  RR&A claimed it waived the additional payment for the modification.  No evidence of the payment is found in the record.  In July 2016, the parties entered into a second modification agreement, extending the contract terms to June 2017.  Both modification agreements provided that all other terms and conditions of the original 2012 contract not modified remained in full force and effect.

In March 2017, the Sanchezes rented the property to a third party.  The agreement with the third party was a lease-to-buy.  The Sanchezes hoped to sell

the property to the third party after they paid and fulfilled the contract with RR&A. The Sanchezes did not consult RR&A about the third-party arrangement.

During the entire term of the contract, the Sanchezes were admittedly inconsistent in making payments in full and on time. By August 2017, the Sanchezes stopped making any payments. The Sanchezes wished to pay off the remaining balance, but the parties could not reach a consensus about the correct balance. The Sanchezes believed the outstanding balance was $30,501.27 and in May, Jorge tendered a cash payment to RR&A in that amount. RR&A rejected the tender as it believed the outstanding total was over $100,000.00. After negotiations, the parties were unable to agree on the balance due. RR&A hired an accountant to prepare an accounting of the contract and determined the unpaid balance was $87,922.01.

In January 2018, RR&A served the Sanchezes with a notice of forfeiture, alleging they defaulted on the contract by failing to make the monthly payments and failing to make the balloon payment when it became due. The notice reflected an unpaid balance, including interest, of $87,922.01 and included a spreadsheet from the accountant. The notice gave the Sanchezes thirty days to cure the default, after which the contract would be forfeited.

In February, the Sanchezes petitioned the court to enjoin the enforcement of the forfeiture, alleging the notice of forfeiture was insufficient under Iowa Code chapter 656 (2018). They alleged the notice (1) incorrectly stated the contract between the parties, (2) failed to provide a detailed accounting of the missed payments, and (3) failed to provide the correct amount needed to remedy the alleged missed payments. They alleged RR&A was claiming more money than

what was due. On March 8, RR&A recorded an affidavit in support of the forfeiture. On March 16, RR&A served the Sanchezes with a thirty-day notice of the "Termination of Non-Residential Tenancy and Demand for Possession." The Sanchezes moved to stay the termination of the tenancy until the court resolved the litigation over the forfeiture. After a contested hearing in April, the court granted a temporary stay pending trial, which was scheduled for June.

The court filed its written ruling in August after a one-day trial. It found the Sanchezes "failed to perform their payment obligations arising from the Real Estate Contract with [RR&A] from the beginning." The court rejected the Sanchezes' arguments about the sufficiency of the notice of forfeiture. It found that, though the notice referred to the contract by the wrong date, it provided the correct document reference number as required under Iowa Code section 656.2, while the statute does not require the notice to state the date of the contract. The court also rejected the Sanchezes' contention that there was a misapplication of funds earmarked to pay the taxes on the property. The court also rejected their argument that RR&A waived its right to late fees, finding no evidence to support a waiver. Based on these findings, the court denied the request for an injunction of the forfeiture.

The Sanchezes filed a motion to reconsider, enlarge, or amend under Iowa Rule of Civil Procedure 1.904(2), asking the court to provide them with a minimum of sixteen days to cure the default identified in the notice of forfeiture. They also requested the removal of RR&A's affidavit in support of forfeiture from the recorder's office once they cured the default, credit for payments made over the required amount for the property's real estate taxes, and a finding that RR&A

waived its right to collect late fees. The court denied the Sanchezes' motion in its entirety. Jorge now appeals.

## II. Analysis

"A request for an injunction invokes the court's equitable jurisdiction," therefore "our review is de novo." *Matlock v. Weets*, 531 N.W.2d 118, 121 (Iowa 1995); *see* Iowa R. App. P. 6.907. "We give weight to the district court's findings of fact, especially when considering the credibility of witnesses, but are not bound by them." *Matlock*, 531 N.W.2d at 121. "Injunctive relief is an extraordinary remedy that is granted with caution and only when required to avoid irreparable damage." *Skow v. Goforth*, 618 N.W.2d 275, 277–78 (Iowa 2000).

### A. Notice of Forfeiture

First, Jorge alleges the district court erred by failing to enjoin the forfeiture based on defects in the notice of forfeiture. Jorge claims the notice does not meet the requirements under Iowa Code section 656.2, specifically the notice does not identify which payments the Sanchezes failed to make under the contract. As a result, the Sanchezes were not put on notice as to each alleged default. He also argues the notice does not include an accurate and true accounting of the balance due under the contract, claiming the accounting attached to the notice is inaccurate and did not follow the contract terms, resulting in a higher balance.

"[E]quity abhors a forfeiture," therefore "forfeiture statutes are to be construed strictly against a forfeiture, with the burden to show full and strict compliance with the statutory procedures upon the party seeking forfeiture." *Jamison v. Knosby*, 423 N.W.2d 2, 4–5 (Iowa 1988). Even so, though "forfeitures

are not favored does not mean they will never be enforced." *Miller v. Am. Wonderlands, Inc.*, 275 N.W.2d 399, 402 (Iowa 1979).

"Real estate contract forfeitures are governed by Iowa Code chapter 656." *Jamison*, 423 N.W.2d at 5. A vendor must serve a written notice of forfeiture that "[r]easonably identif[ies] the contract by a document reference number and accurately describe[s] the real estate covered" and "[s]pecif[ies] the terms of the contract with which the vendee has not complied." Iowa Code § 656.2(1)(a), (b). To avoid the forfeiture, the vendee has thirty days from service of the notice to perform the terms and conditions that are in default. *Id.* § 656.2(1)(c). "If the default is not cured within thirty days, upon the filing of the notice of forfeiture with the county recorder, the forfeiture is complete." *Koch v. Kostichek*, 409 N.W.2d 680, 683 (Iowa 1987); *see* Iowa Code § 656.5.

Jorge first claims the notice is insufficient because it does not specify which payments the Sanchezes failed to make under the contract and the attachment to the notice does not readily identify the missing payments. On our review of the notice, we find it does provide sufficient information. The notice states the Sanchezes failed to make monthly payments and refers to the attached spreadsheet. The spreadsheet identifies the dates of scheduled payments and actual payments made, and the remaining balance after each payment. The notice provides the total interest and principal the Sanchezes paid along with the amount of unpaid interest and principal. Jorge concedes the failure to make timely monthly payments. This evidence is sufficient proof of default to support the forfeiture.

Jorge also challenges the sufficiency of the notice based upon the computation of the unpaid balloon payment. Even if the notice contained an error

of the computation of the balloon payment, because the notice of forfeiture contains at least one matter on which RR&A has a right to give notice of forfeiture, the notice is sufficient. *See Hampton Farmers Co-op. Co. v. Fehd*, 133 N.W.2d 872, 875–76 (Iowa 1965) (determining that the notice of forfeiture is not invalidated or nullified "if there is one specific matter in the notice which is sufficient to justify a forfeiture" or "in [the] event the notice of forfeiture makes demand for more than that to which the plaintiff is entitled");[3] *see also In re Grady*, 202 B.R. 120, 123 (Bankr. N.D. Iowa 1996) ("The fact that the notice inaccurately stated the amount of payments in default does not render the notice a nullity."). Jorge concedes this.

The district court observed:

> If the [Sanchezes] had tendered either the amount conceded in their brief, $82,875.01, or the amount shown by their alternate amortization schedule, $86,499.01, such a tender might have supported some equitable argument. They did not tender either of those amounts; the $30,501.27 was grossly inadequate and creates no equitable argument for [the Sanchezes].

"While it is true . . . that equity abhors a forfeiture, we agree . . . that it does not abhor a forfeiture enough to override established legal principles." *May v. Oakley*, 407 N.W.2d 569, 572 (Iowa 1987). We agree equity does not favor the Sanchezes given their lack of any attempt at payment of the outstanding balance after the notice of default, let alone the year before trial. As a result, we affirm the district court's denial of injunctive relief.

---

[3] Jorge requests us to overrule *Hampton Farmers*, challenging the precedent that the notice of forfeiture need not accurately state the amount due and payable. We decline to do so and leave the task of overruling precedent to the supreme court as "it is the role of the supreme court to decide if case precedent should no longer be followed." *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014).

B.  Delinquent Payment Interest

Jorge also claims the court erred by finding that RR&A did not waive its right to interest on delinquent payments, arguing that because RR&A never sought to charge them with the additional interest provided for in the contract, it implicitly waived its right to collect the interest. "Waiver applies when a party voluntarily relinquishes a known right." *DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 292 (Iowa 2017). "The essential elements of a waiver are the existence of a right, knowledge, actual or constructive, and an intention to relinquish such a right." *Id.* (quoting *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Federated Mut. Ins. Co.*, 596 N.W.2d 546, 552 (Iowa 1999)). A waiver can be express or implied. *Id.*

First, even if we were to find RR&A waived the interest on untimely payments, it does not affect the validity of the forfeiture. The forfeiture is still valid based upon the Sanchezes' untimely payments, a fact they do not challenge. The trial court also determined, and we agree, that no such waiver exists here. First, there is no evidence of an undisputed waiver. Rather RR&A was lenient and tolerant of the Sanchezes' ongoing issues with timely payments, as seen by the multiple modification agreements which allowed the Sanchezes more time to pay off the contract. We find no evidence in the record of an intention by RR&A to relinquish its right to the interest. In addition, the contract itself provides that, though time is of the essence, RR&A's failure to promptly assert its rights under the contract is not a waiver of those rights, including its right to interest on delinquent payments. As a result, we find no error.

C. Additional Time to Cure Forfeiture

Finally, Jorge challenges the court's denial of the Sanchezes' request for additional time to cure the forfeiture. He contends that the court's denial was based partly on the actions of RR&A and therefore out of the Sanchezes' control, specifically RR&A's rejection of their May 2017 tender, the delay between the tender rejection and the notice of forfeiture, and the disagreement between the parties over the amount of the outstanding balance.

Iowa Code section 656.4 provides a vendee thirty days after completed service of the notice of forfeiture to perform the breached terms identified in the forfeiture notice. "The thirty-day forfeiture procedure is said to be a statutory embodiment of the rule in equity that a 'reasonable' time must be allowed for a defaulting party to perform." *Gottschalk v. Simpson*, 422 N.W.2d 181, 184 (Iowa 1988). "Ordinarily, nothing is required to complete a forfeiture except the passage of the thirty days after notice." *Id.* at 183.

> In a contract forfeiture situation, the contract vendor, once a notice of forfeiture has been served, need not act, proceed, or enforce in order to achieve forfeiture. In other words, nothing is expected or required from the contract vendor. On the other hand, it is the contract vendee who must act, proceed, or otherwise enforce its rights under the contract by curing.

*In re Vacation Vill. Ltd. P'ship*, 49 B.R. 590, 593 (Bankr. N.D. Iowa 1984). "[T]he recording of the forfeiture notice and proof of service is required only for constructive notice purposes; it is not a condition precedent to the completion of the forfeiture." *Gottschalk*, 422 N.W. 2d at 183–84.

In denying the Sanchezes' request for additional time, the district court stated:

>The plaintiffs want an opportunity to cure their default now. Fifteen months have passed since the default, and six months have passed since the deadline set by the Notice of Default. Even if the parties and the court were in agreement about the amount of the default, there would be no equity in allowing the plaintiffs to restore their good standing by now making a payment due fifteen months ago when no payments have been made in the last year.

Upon our review, we agree. At the time of trial, the Sanchezes had made no payments or even an attempt at a payment in over a year. Jorge argues RR&A refused to allow him to review the payment records, but he failed to keep his own records and admitted he made some payments in cash and he did not always receive a receipt. Thus, he had no records to compare to RR&A's accounting of payments made. Further, even after RR&A served the Sanchezes with the notice of forfeiture in January 2018, they made no attempt to cure the default despite the undisputed fact that they failed to make the balloon payment when due. Their excuses for failure to cure or even attempt to cure the default are inadequate to require relief. Thus, we affirm the district court's denial of additional time to cure the default.

**AFFIRMED.**